# EXHIBIT A

Copies of all pleadings, process, and orders served on
Defendant Marlena Sonn

F I L E D
Electronically
CV22-00444
2022-05-10 01:52:47 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9040926

1  **CODE: 1067**
Leigh T. Goddard, NV Bar No. 6315
2  Daniel I. Aquino, NV Bar No. 12682
Tara U. Teegarden, NV Bar No. 15344
3  McDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
4  Reno, Nevada 89501
Telephone: (775) 788-2000
5  lgoddard@mcdonaldcarano.com
daquino@mcdonaldcarano.com
6  tteegarden@mcdonaldcarano.com

7  *Attorneys for Plaintiffs*

8  **IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

9  **IN AND FOR THE COUNTY OF WASHOE**

10

11  KPG INVESTMENTS INC., a Nevada
corporation; KENDALLE GETTY, an
12  individual,

CASE NO.:  CV22-00444

DEPT. NO.:  B8

13              Plaintiffs,

14  v.

15

16  MARLENA SONN, an individual; and
DOES 1-20,

17

18              Defendants.

19  <u>**AFFIDAVIT OF SERVICE**</u>

20         Attached hereto as Exhibits 1-6 are Affidavits of Service, Affidavits of Non-Service,

21  and Affidavits of Mailing on Defendant Marlena Sonn for the Summons, Complaint, and

22  Plaintiffs' Ex Parte Motion to Seal Complaint.

23      //

24      //

25      //

26      //

27      //

28      //

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

## **AFFIRMATION**

Pursuant to NRS 239B.030, the undersigned affirms that this document does not contain any personal information, as defined in NRS 603A.040.

DATED this 9th day of May 2022.

MCDONALD CARANO LLP


By:  _/s/ Leigh T. Goddard_
Leigh T. Goddard, NV Bar No. 6315
Daniel I. Aquino, NV Bar No. 12682
Tara U. Teegarden, NV Bar No. 15344
McDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
lgoddard@mcdonaldcarano.com
daquino@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

*Attorneys for Plaintiffs*

**EXHIBIT INDEX**

| Exhibit No. | Description | Page Count |
|---|---|---|
| 1 | Affidavit of Non Service re Summons, Complaint & Sealed Complaint | 1 |
| 2 | Affidavit of Non Service re Ex Parte Motion to Seal Complaint and Request for Submission | 1 |
| 3 | Affidavit of Non Service re Summons, Complaint & Sealed Complaint | 1 |
| 4 | Affidavit of Non Service re Ex Parte Motion to Seal Complaint and Request for Submission | 1 |
| 5 | Affidavit of Service re Summons, Complaint & Sealed Complaint | 1 |
| 6 | Affidavit of Service re Ex Parte Motion to Seal Complaint and Request for Submission | 1 |
| 7 | Affidavit of Mailing re Summons, Complaint & Sealed Complaint | 1 |
| 8 | Affidavit of Mailing re Ex Parte Motion to Seal Complaint and Request for Submission | 1 |

4883-5023-2095, v. 2

3

F I L E D
Electronically
CV22-00444
2022-05-10 01:52:47 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9040926

# EXHIBIT 1

# EXHIBIT 1

**IN THE SECOND JUDICIAL DISTRICT COURT OF THE**
**STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE**
**ATTORNEY: PATTERSON BELKNAP WEBB & TYLER LLP**
**ADDRESS: 1133 AVENUE OF THE AMERICAS NEW YORK, NY 10036-6710**

INDEX NUMBER: CV22-00444

KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual,

**Date Filed: 03/17/2022**

*Plaintiff*

Job #: 1459511
Court Date: Time:

*vs*

MARLENA SONN, an individual, et al.,

*Defendant*

# AFFIDAVIT OF NON SERVICE

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Vincent J. Mannetta, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **05/04/2022** at **1:00 PM.**, at 2 NORTHSIDE PIERS, APT. PH7, BROOKLYN, NY 11249
Deponent attempted to serve the within **Summons, Complaint with Exhibits and Sealed Complaint with Exhibits.**
On **MARLENA SONN**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 04/25/22 @ 1:52 p.m. The location is a doorman building and I was refused entry up to the Subject's Apt. PH7. The doorman called and spoke with the Subject and advised that she was home but was in a meeting from 1:00 p.m. until 4:00 p.m. Attempted on 04/27/22 @ 8:05 a.m. The doorman spoke to someone on the phone and advised that the Subject was not in the building. I arrived for a stakeout on 05/03/22 @ 6:30 a.m. I witnessed many people coming in and out of the building and most were wearing masks. I did not witness the Subject leaving or entering the building. I was given a photo of the Subject's dogs but did not witness them coming in or out of the building. I left the location at 12:00 p.m. I returned for another stakeout on 05/04/22 @ 7:30 a.m. I again witnessed many masked individuals coming in and out of the building. The location is a very large apartment complex with at least 4 entrances into the building. I did not witness the Subject during this time. I left at 1:00 p.m.

Sworn to before me on 05/06/2022

Adriana Bartolotta
Notary Public, State of New York
Registration No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/16/2022

Vincent J. Mannetta
DCA License#  2067589

*Court Support, Inc., 265 Post Ave #150, Westbury, NY 11590 License #1382542*

F I L E D
Electronically
CV22-00444
2022-05-10 01:52:47 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9040926

# EXHIBIT 2

# EXHIBIT 2

**IN THE SECOND JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE
ATTORNEY: PATTERSON BELKNAP WEBB & TYLER LLP
ADDRESS: 1133 AVENUE OF THE AMERICAS NEW YORK, NY 10036-6710**

INDEX NUMBER: CV22-00444

KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual,

**Date Filed:** 03/17/2022

*Plaintiff*

Job #: 1459585
Court Date:  Time:

*vs*
MARLENA SONN, an individual, et al.,

*Defendant*

# AFFIDAVIT OF NON SERVICE

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Vincent J. Mannetta, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **5/4/2022** at **1:00 PM.**, at 2 NORTHSIDE PIERS, APT. PH7, BROOKLYN, NY 11249
Deponent attempted to serve the within  **Request for Submission and Plaintiff's Ex Parte Motion to Seal Complaint with Declaration of Daniel I Aquino, Esq.**
On **MARLENA SONN**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 04/25/22 @ 1:52 p.m.  The location is a doorman building and I was refused entry up to the Subject's Apt. PH7.  The doorman called and spoke with the Subject and advised that she was home but was in a meeting from 1:00 p.m. until 4:00 p.m.  Attempted on 04/27/22 @ 8:05 a.m.  The doorman spoke to someone on the phone and advised that the Subject was not in the building.  I arrived for a stakeout on 05/03/22 @ 6:30 a.m.  I witnessed many people coming in and out of the building and most were wearing masks.  I did not witness the Subject leaving or entering the building.  I was given a photo of the Subject's dogs but did not witness them coming in or out of the building.  I left the location at 12:00 p.m.  I returned for another stakeout on 05/04/22 @ 7:30 a.m.  I again witnessed many masked individuals coming in and out of the building.  The location is a very large apartment complex with at least 4 entrances into the building.  I did not witness the Subject during this time.  I left at 1:00 p.m.

Sworn to before me on 5/5/2022

Adriana Bartolotta
Notary Public, State of New York
Registration No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/16/2022

Vincent J. Mannetta
DCA License#  2067589

F I L E D
Electronically
CV22-00444
2022-05-10 01:52:47 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9040926

# EXHIBIT 3

# EXHIBIT 3

IN THE SECOND JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE
ATTORNEY: PATTERSON BELKNAP WEBB & TYLER LLP
ADDRESS: 1133 AVENUE OF THE AMERICAS NEW YORK, NY 10036-6710

INDEX NUMBER: CV22-00444

KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual,

Date Filed: 03/17/2022

*Plaintiff*

Job #: 1459802
Court Date:  Time:

*vs*

MARLENA SONN, an individual, et al.,

*Defendant*

## AFFIDAVIT OF NON SERVICE

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Michael R. Delcore, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **05/04/2022** at **6:30 PM.**, at 2 NORTHSIDE PIERS, APT. PH7, BROOKLYN, NY 11249
Deponent attempted to serve the within  **Summons, Complaint with Exhibits and Sealed Complaint with Exhibits. On MARLENA SONN**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I arrived for a stake out on 05/03/22 @ 12:00 p.m. The location is a large apartment building with a doorman and 4 entrances. I witnessed many woman coming in and out of the building wearing masks and did not see the Subject during my time at the location. I left at 7:00 p.m. I returned on 05/04/22 @ 1:00 p.m. I again witnessed many woman coming in and out of the building wearing masks but did not see the Subject during my time at the location. I was given a photo of the Subject's dogs and saw a Hispanic male with the dogs @ 3:20 p.m. I took several photos of him with the dogs and followed him back into the apartment building @ 3:40 p.m. I accompanied him up to the Subject's apartment in the elevator. He had a key to get up to the penthouse. Once at the apartment, I asked him if the Subject was home. He went into the apartment leaving the door open and came back out and said no one was home. I went back downstairs and continued the stakeout and did not witness the Subject coming in or out of the building. I left at 6:30 p.m.

Sworn to before me on 05/05/2022

_____
Adriana Bartolotta
Notary Public, State of New York
Registration No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/16/2022

_____
Michael R. Delcore
DCA License#

*Court Support, Inc., 265 Post Ave #150, Westbury, NY 11590 License #1382542*

F I L E D
Electronically
CV22-00444
2022-05-10 01:52:47 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9040926

# EXHIBIT 4

# EXHIBIT 4

IN THE SECOND JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE
ATTORNEY: PATTERSON BELKNAP WEBB & TYLER LLP
ADDRESS: 1133 AVENUE OF THE AMERICAS NEW YORK, NY 10036-6710

INDEX NUMBER: CV22-00444

KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual,

Date Filed: 03/17/2022

*Plaintiff*

Job #: 1459803
Court Date:  Time:

*vs*

MARLENA SONN, an individual, et al.,

*Defendant*

**AFFIDAVIT OF NON SERVICE**

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Michael R. Delcore, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **5/4/2022** at **6:30 PM.**, at 2 NORTHSIDE PIERS, APT. PH7, BROOKLYN, NY 11249
Deponent attempted to serve the within  **Request for Submission and Plaintiff's Ex Parte Motion to Seal Complaint with Declaration of Daniel I Aquino, Esq.**
On **MARLENA SONN**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I arrived for a stake out on 05/03/22 @ 12:00 p.m. The location is a large apartment building with a doorman and 4 entrances. I witnessed many woman coming in and out of the building wearing masks and did not see the Subject during my time at the location. I left at 7:00 p.m. I returned on 05/04/22 @ 1:00 p.m. I again witnessed many woman coming in and out of the building wearing masks but did not see the Subject during my time at the location. I was given a photo of the Subject's dogs and saw a Hispanic male with the dogs @ 3:20 p.m. I took several photos of him with the dogs and followed him back into the apartment building @ 3:40 p.m. I accompanied him up to the Subject's apartment in the elevator. He had a key to get up to the penthouse. Once at the apartment, I asked him if the Subject was home. He went into the apartment leaving the door open and came back out and said no one was home. I went back downstairs and continued the stakeout and did not witness the Subject coming in or out of the building. I left at 6:30 p.m.

Sworn to before me on 5/5/2022

Adriana Bartolotta
Notary Public, State of New York
Registration No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/16/2022

Michael R. Delcore
DCA License#

*Court Support, Inc., 265 Post Ave #150, Westbury, NY 11590 License #1382542*

F I L E D
Electronically
CV22-00444
2022-05-10 01:52:47 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9040926

# EXHIBIT 5

# EXHIBIT 5

**IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE**

Job #: 1459511

Attorney: Patterson Belknap Webb & Tyler LLP
Address: 1133 Avenue Of The Americas New York, NY 10036-6710

| | |
|---|---|
| KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual, | Index Number: CV22-00444 |
| | Client's File No.: |
| *vs*         *Plaintiff* | Court Date: |
| MARLENA SONN, an individual, et al., | |
| *Defendant* | Date Filed: 03/17/2022 |

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

**Vincent J. Mannetta**, being sworn says:

## AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **5/5/2022**, at **5:00 PM** at: **2 NORTHSIDE PIERS, APT. PH7, BROOKLYN, NY 11249** Deponent served the within **Summons, Complaint with Exhibits and Sealed Complaint with Exhibits.**

On: **MARLENA SONN**, therein named.

☒ **#1 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to "John Doe" (Refused Name) (Doorman) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment [X] dwelling house (usual place of abode) within the state.

☒ **#2 DESCRIPTION**

| | | | |
|---|---|---|---|
| Sex: Male | Color of skin: Black | Color of hair: Black | Glasses: No |
| Age: 36 - 50 Yrs. | Height: 6ft Over | Weight: Over 200 Lbs. | Other Features: Beard |

☒ **#3 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#4 WITNESS FEES**
Subpoena Fee Tendered in the amount of $

☒ **#5 OTHER**
I attempted service on 04/25/22 @ 1:52 p.m. The location is a doorman building and I was refused entry up to the Subject's Apt. PH7. The doorman called and spoke with the Subject and advised that she was home but was in a meeting from 1:00 p.m. until 4:00 p.m. Attempted on 04/27/22 @ 8:05 a.m. The doorman refused entry up the the Subject's Apt. PH7. He spoke to someone on the phone and advised that the Subject was not in the building. I arrived for a stakeout on 05/03/22 @ 6:30 a.m. I witnessed many people coming in and out of the building and most were wearing masks. I did not witness the Subject leaving or entering the building. I was given a photo of the Subject's dogs but did not witness them coming in or out of the building. I left the location at 12:00 p.m. I returned for another stakeout on 05/04/22 @ 7:30 a.m. I again witnessed many masked individuals coming in and out of the building. The location is a very large apartment complex with at least 4 entrances into the building. I did not witness the Subject during this time. I left at 1:00 p.m.

Sworn to before me on 05/06/2022

Adriana Bartolotta
Notary Public, State of New York
Registration No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/16/2022

Vincent J. Mannetta
DCA License # 2067589

*Court Support, Inc., 265 Post Ave #150, Westbury, NY 11590 License #1382542*

F I L E D
Electronically
CV22-00444
2022-05-10 01:52:47 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9040926

# EXHIBIT 6

# EXHIBIT 6

IN THE SECOND JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE

**Job #:** 1459585

**Attorney:** Patterson Belknap Webb & Tyler LLP
**Address:** 1133 Avenue Of The Americas New York, NY 10036-6710

---

KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual,

*vs*                                                                     *Plaintiff*

MARLENA SONN, an individual, et al.,

                                                                          *Defendant*

| | |
|---|---|
| **Index Number:** CV22-00444 | |
| **Client's File No.:** | |
| **Court Date:** | |
| **Date Filed:** 03/17/2022 | |

---

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

**Vincent J. Mannetta**, being sworn says:

# AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **5/5/2022**, at **5:00 PM** at: **2 NORTHSIDE PIERS, APT. PH7, BROOKLYN, NY 11249** Deponent served the within **Request for Submission and Plaintiff's Ex Parte Motion to Seal Complaint with Declaration of Daniel I Aquino, Esq.**

On: **MARLENA SONN,**  therein named.

☒ **#1 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to "John Doe" (Refused Name) (Doorman) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment [X] dwelling house (usual place of abode) within the state.

☒ **#2 DESCRIPTION**

| | | | |
|---|---|---|---|
| **Sex:** Male | **Color of skin:** Black | **Color of hair:** Black | **Glasses:** No |
| **Age:** 36 - 50 Yrs. | **Height:** 6ft Over | **Weight:** Over 200 Lbs. | **Other Features:** Beard |

☒ **#3 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#4 WITNESS FEES**
Subpoena Fee Tendered in the amount of $

☒ **#5 OTHER**
I attempted service on 04/25/22 @ 1:52 p.m.  The location is a doorman building and I was refused entry up to the Subject's Apt. PH7.  The doorman called and spoke with the Subject and advised that she was home but was in a meeting from 1:00 p.m. until 4:00 p.m.  Attempted on 04/27/22 @ 8:05 a.m.  The doorman refused entry up the the Subject's Apt. PH7.  He spoke to someone on the phone and advised that the Subject was not in the building.  I arrived for a stakeout on 05/03/22 @ 6:30 a.m.  I witnessed many people coming in and out of the building and most were wearing masks.  I did not witness the Subject leaving or entering the building.  I was given a photo of the Subject's dogs but did not witness them coming in or out of the building.  I left the location at 12:00 p.m.  I returned for another stakeout on 05/04/22 @ 7:30 a.m.  I again witnessed many masked individuals coming in and out of the building.  The location is a very large apartment complex with at least 4 entrances into the building.  I did not witness the Subject during this time.  I left at 1:00 p.m.

Sworn to before me on 05/06/2022

Adriana Bartolotta
Notary Public, State of New York
Registration No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/16/2022

Vincent J. Mannetta
DCA License # 2067589



*COURT SUPPORT, INC., 265 POST AVE #150, WESTBURY, NY 11590 LICENSE #1382542*

F I L E D
Electronically
CV22-00444
2022-05-10 01:52:47 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9040926

# EXHIBIT 7

# EXHIBIT 7

IN THE SECOND JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE

**Job #:** 1459977

**Attorney:** Patterson Belknap Webb & Tyler LLP
**Address:** 1133 Avenue Of The Americas New York, NY 10036-6710

KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual,

*Plaintiff*

*vs*

MARLENA SONN, an individual, et al.,

*Defendant*

**Index Number:** CV22-00444
**Client's File No.:**
**Court Date:**

**Date Filed:** 03/17/2022

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

# AFFIDAVIT OF MAILING

**MAILING**

**Adriana Bartolotta** being duly sworn, deposes and says:  that deponent completed service by depositing a copy of the **Summons, Complaint with Exhibits and Sealed Complaint with Exhibits.** in a postpaid properly addressed envelope, bearing the words "Personal and Confidential" via First Class Mail requested on:   **05/09/2022** in an official depository of the United States Postal Service in the State of New York. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

**To: MARLENA SONN**

**2 NORTHSIDE PIERS, APT. PH7, BROOKLYN, NY 11249 :**

Sworn to before me on 05/09/2022

LARRY RADLER
Notary Public, State of New York
Registration No. 01RA6361956
Qualified in Nassau County
Commission Expires 07/24/2025

Adriana Bartolotta
DCA License#

*Court Support, Inc., 265 Post Ave #150, Westbury, NY 11590 License #1382542*

F I L E D
Electronically
CV22-00444
2022-05-10 01:52:47 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9040926

# EXHIBIT 8

# EXHIBIT 8

IN THE SECOND JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE

**Job #:** 1459978

**Attorney:** Patterson Belknap Webb & Tyler LLP
**Address:** 1133 Avenue Of The Americas New York, NY 10036-6710

| | |
|---|---|
| KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual, | **Index Number:** CV22-00444 |
| | **Client's File No.:** |
| *vs* Plaintiff | **Court Date:** |
| MARLENA SONN, an individual, et al., | **Date Filed:** 03/17/2022 |
| Defendant | |

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

# AFFIDAVIT OF MAILING

**MAILING**

**Adriana Bartolotta** being duly sworn, deposes and says:  that deponent completed service by depositing a copy of the **Request for Submission and Plaintiff's Ex Parte Motion to Seal Complaint with Declaration of Daniel I Aquino, Esq.**  in a postpaid properly addressed envelope, bearing the words "Personal and Confidential" via First Class Mail requested on:   **5/9/2022** in an official depository of the United States Postal Service in the State of New York. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

**To: MARLENA SONN**

2 NORTHSIDE PIERS, APT. PH7, BROOKLYN, NY 11249 :

Sworn to before me on 5/9/2022

LARRY RADLER
Notary Public, State of New York
Registration No. 01RA6361956
Qualified in Nassau County
Commission Expires 07/24/2025

Adriana Bartolotta
DCA License#

**$1422**
Leigh T. Goddard, NV Bar No. 6315
Daniel I. Aquino, NV Bar No. 12682
Tara U. Teegarden, NV Bar No. 15344
McDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
lgoddard@mcdonaldcarano.com
daquino@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

*Attorneys for Plaintiffs*

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual, | CASE NO.: |
| | DEPT. NO.: |
| Plaintiffs, | |
| | **COMPLAINT** |
| v. | |
| | **Exempt from Arbitration (N.A.R. 3(a) – Value in Excess of $50,000; Declaratory Relief Sought)** |
| MARLENA SONN, an individual; AND DOES 1-20, | |
| Defendant. | |

## COMPLAINT

Plaintiffs KPG Investments Inc. ("Plaintiff KPG") and Kendalle Getty ("Plaintiff Getty"), by and through their counsel of record, the law firm of McDonald Carano LLP, hereby complain and allege against Defendant Marlena Sonn ("Defendant Sonn") as follows:

### PARTIES

1. Plaintiff KPG is, and at all times relevant hereto was, a corporation organized under Chapter 78 of the Nevada Revised Statutes and existing under the laws of the State of Nevada.

2. Plaintiff Getty is currently a resident of the State of California.

3. Upon information and belief, Defendant Sonn is, and at all times relevant hereto was, a resident of the State of New York.

**JURISDICTION AND VENUE**

4.      Plaintiff Getty, on behalf of Plaintiff KPG, entered into an at-will employment agreement with Defendant Sonn in Washoe County, Nevada, and a dispute has arisen with respect to the performance of Defendant Sonn's obligations, including the exercise of her fiduciary duties as an officer of Plaintiff KPG.

5.      Additionally, the at-will employment agreement provides that the venue for this action shall lie in the Second Judicial District Court for Washoe County, Reno, Nevada.

6.      By virtue of the allegations set forth above, jurisdiction and venue are proper in this Court.

**GENERAL ALLEGATIONS**

7.      The Pleiades Trust was established for the benefit of various individuals, including Plaintiff Getty.

8.      There are a number of trustees of the Pleiades Trust, including Plaintiff KPG Investments Inc., of which Plaintiff Getty is the President.

9.      On November 1, 2015, Defendant Sonn and Plaintiff KPG entered into an at-will employment agreement ("Employment Agreement") whereby Defendant Sonn would serve as the Vice President of Plaintiff KPG.[1]

10.     The Employment Agreement states, in relevant part: "In the performance of Employee's duties under this Agreement, Employee shall adhere to such employment standards, ethical practices, and standards of care and competence as are customary for an employee holding a similar position as a vice president of a corporation serving as a trustee to a family trust."

11.     Defendant Sonn served as a corporate officer of Plaintiff KPG.

12.     Defendant Sonn is a Certified Financial Planner, whose responsibilities to Plaintiff KPG included managing investments and providing financial advice.

13.     During the time period that Defendant Sonn was employed as Plaintiff KPG's Vice President, she also served as a personal financial advisor to Plaintiff Getty.

---

[1] *See* Exhibit 1.

McDONALD ⚖ CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

14.     Defendant Sonn was employed in a similar fiduciary capacity by another trustee of the Pleiades Trust during this time period.

15.     In mid-to-late 2017, Defendant Sonn urged and requested that Plaintiff Getty increase Defendant Sonn's compensation for her services as Vice President of Plaintiff KPG.

16.     Thereafter, Plaintiff Getty's legal counsel prepared a document reflecting a schedule for bonus payments to Defendant Sonn (the "Draft Incentive Award Letter").   On October 18, 2017, legal counsel for Plaintiff Getty sent the Draft Incentive Award Letter to Defendant Sonn.

17.     The Draft Incentive Award Letter (prepared by Plaintiff Getty's legal counsel) stated that Defendant Sonn would receive, upon the specified triggering events, two payments, each of 0.00125% of the after-tax amounts received by Plaintiff Getty from the Pleiades Trust.

18.     After receiving the Draft Incentive Award Letter from Plaintiff Getty's legal counsel, Defendant Sonn did not address the matter further with counsel.   Instead, Defendant Sonn, without the knowledge of Plaintiff Getty's legal counsel, caused the letter to be revised to increase the amount of money she would receive.   Specifically, while the Draft Incentive Award Letter stated Defendant Sonn would receive two installments of 0.00125% of the total after-tax distribution to Plaintiff Getty from the Pleiades Trust, Defendant Sonn increased this percentage to two installments of 0.00375%.

19.     On or about November 10, 2017, Plaintiff Getty, on behalf of Plaintiff KPG, executed the Incentive Award Letter as revised by Defendant Sonn (the "Incentive Award Letter").[2]   The Incentive Award Letter stated that Defendant Sonn would receive a one-time cash bonus (the "First Incentive Bonus") at the time of any distribution of funds to Plaintiff Getty from the Pleiades Trust in excess of $25 million, equal to 0.00375% of the after-tax distribution.   The Incentive Award Letter further stated that on the date of the final distribution of funds to Plaintiff Getty from the Pleiades Trust, Defendant Sonn would receive a one-time cash bonus (the "Second

---

[2] *See* Exhibit 2.

3

Incentive Bonus") equal to 0.00375% of all after-tax distribution received after payment of the First Incentive Bonus.

20.     The Incentive Award Letter, which Plaintiff Getty initially prepared in conjunction with advice from her legal counsel, contained important safeguards to ensure consistency with the best interests of Plaintiff KPG and Plaintiff Getty.

21.     Specifically, the Incentive Award Letter stated that Defendant Sonn would not receive any payment if she did not remain employed by Plaintiff KPG at the time of any applicable payment date.  This requirement was vital to incentivize Defendant Sonn to adequately perform her responsibilities and act in the best interests of Plaintiff KPG and Plaintiff Getty, so that she would remain employed through the applicable payment dates.

22.     The Incentive Award Letter also conditioned payment of any bonuses to Defendant Sonn on Plaintiff Getty's receipt of funds, after deduction of applicable taxes, from the Pleiades Trust.  This requirement was vital to ensure that Plaintiff KPG did not become liable to Defendant Sonn for sums it had not yet received, particularly given that the Pleiades Trust contained investments, subject to market volatility and risk.

23.     In or around January 2021, the other trustee of the Pleiades Trust that had employed Defendant Sonn in a similar fiduciary capacity terminated Defendant Sonn's employment.

24.     Shortly thereafter, Defendant Sonn (realizing she would lose the Incentive Bonuses if Plaintiff Getty also terminated her employment) formed a plan to convince Plaintiff Getty to remove the safeguards protecting the interests of Plaintiff KPG and Plaintiff Getty set forth in the Incentive Award Letter.

25.     In or around early March 2021, Defendant Sonn requested payment of an additional bonus amount from Plaintiff Getty.

26.     In or around early March 2021, Defendant Sonn unilaterally drafted a Second Incentive Award Letter, purporting to modify the terms of the initial Incentive Award Letter.[3] Plaintiff Getty had no role in drafting the Second Incentive Award Letter.

---

[3] *See* Exhibit 3.

4

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

27.     On or about March 14, 2021, Defendant Sonn presented Plaintiff Getty with the Second Incentive Award Letter and requested Plaintiff Getty sign the letter.

28.     In presenting the Second Incentive Award Letter and requesting Plaintiff Getty sign the letter, Defendant Sonn falsely represented to Plaintiff Getty that the terms of the Second Incentive Award Letter were fair, justified, and in the best interests of Plaintiff KPG and Plaintiff Getty.

29.     Contrary to Defendant Sonn's representations, the Second Incentive Award Letter was not fair, justified, or in the best interests of Plaintiff KPG and Plaintiff Getty.

30.     The original Incentive Award Letter calculated Defendant Sonn's potential bonus as a percentage of the portion Plaintiff Getty would receive from the Pleiades Trust, after the deduction of applicable taxes.  However, the Second Incentive Award Letter drafted by Defendant Sonn calculated Defendant Sonn's potential bonus as a percentage of the entire Pleiades Trust (not just Plaintiff Getty's share), before any tax deductions, totaling over $1 billion, thus drastically increasing Defendant Sonn's compensation.  The Second Incentive Award Letter provided that Defendant Sonn's total Incentive Award would be $2.5 million.

31.     In addition to unilaterally inflating her bonus, Defendant Sonn also removed the safeguards present in the original Incentive Award Letter.

32.     The Second Incentive Award Letter removed the safeguard in the original Incentive Award Letter stating that Defendant Sonn would not receive any payment if she was not still employed by Plaintiff KPG at the time of any applicable payment date.  Rather, Defendant Sonn drafted the Second Incentive Award Letter so that she would be guaranteed her inflated $2.5 million even if she were terminated prior to applicable payment dates.  This modification benefitted Defendant Sonn's personal interests, to the detriment of Plaintiff KPG and Plaintiff Getty.

33.     Defendant Sonn drafted the Second Incentive Award Letter with an acceleration clause stating that, if Defendant Sonn's employment were terminated, regardless of the reason for termination, payment of the entire $2.5 million would be due within 30 days of termination.  While the original Incentive Award Letter incentivized Defendant Sonn to adequately perform her

5

responsibilities and act in the best interests of Plaintiff KPG and Plaintiff Getty (and thus remain employed through the applicable payment dates), Defendant Sonn's modified Second Incentive Award Letter did the opposite.  It incentivized Defendant Sonn to perform poorly or against the best interests of Plaintiff KPG and Plaintiff Getty so that Defendant Sonn's employment would be terminated, thus accelerating her (now guaranteed) payment.  This modification benefitted Defendant Sonn's personal interests, to the detriment of Plaintiff KPG and Plaintiff Getty.

34.   The Second Incentive Award Letter removed the safeguard in the original Incentive Award Letter conditioning payment of any bonuses to Defendant Sonn on Plaintiff Getty's receipt of funds from the Pleiades Trust.  Instead, the Second Incentive Award Letter provided Defendant Sonn would receive three bonus payments of $833,333 each, which would be made to Defendant Sonn on March 31, 2021 (within weeks of Defendant Sonn presenting the Second Incentive Award Letter to Plaintiff Getty), March 31, 2022, and March 31, 2023, or, alternatively, within 30 days of Defendant Sonn's termination of employment.

35.   While the original Incentive Award Letter protected the interests of Plaintiff KPG and Plaintiff Getty by ensuring Plaintiff KPG did not become liable to Defendant Sonn for sums it had not yet received from the Pleiades Trust, the Second Incentive Award Letter removed this critical safeguard.  The Second Incentive Award Letter not only allowed, but encouraged, Defendant Sonn to create a situation where Plaintiff KPG would become liable to pay Defendant Sonn sums that Plaintiff KPG had not received from the Pleiades Trust.  Defendant's removal of this safeguard was particularly egregious, since the actual amounts Plaintiffs would receive were subject to volatility of investments and applicable taxes.  This modification benefitted Defendant Sonn's personal interests, to the detriment of Plaintiff KPG and Plaintiff Getty.

36.   Defendant Sonn was initially provided a copy of the Draft Incentive Award Letter in 2017 via an email from Plaintiff Getty's legal counsel.  Thus, Defendant Sonn was well aware that the terms of the Draft Incentive Award Letter were prepared in 2017 by legal counsel for Plaintiff Getty and Plaintiff KPG, and that Plaintiff Getty and Plaintiff KPG had received legal advice in connection with that agreement.

//

6

37.     Defendant Sonn was aware that Plaintiff Getty and Plaintiff KPG had independent counsel retained that could advise on the propriety of executing the Second Incentive Award Letter, and whether such action was in the best interests of Plaintiff Getty and Plaintiff KPG.

38.     Despite this knowledge, Defendant Sonn pressured Plaintiff Getty to sign the Second Incentive Award Letter and did not suggest to Plaintiff Getty or Plaintiff KPG that their legal counsel be consulted in connection with the decision to execute the Second Incentive Award Letter.

39.     Instead, Defendant Sonn actively discouraged Plaintiff Getty and Plaintiff KPG from consulting legal counsel in connection with the decision to execute the Second Incentive Award Letter.  Defendant Sonn falsely told Plaintiff Getty that it was not necessary for Plaintiff Getty to speak to a lawyer about the Second Incentive Award Letter.

40.     Between March 14, 2021 and March 17, 2021, Defendant Sonn falsely represented to Plaintiff Getty that the Second Incentive Award Letter was a "standard" document that served only to corroborate and substantiate the terms of the original Incentive Award Letter.

41.     Between March 14, 2021 and March 17, 2021, Defendant Sonn falsely represented the nature of the amount of her bonus under the Second Incentive Award Letter, which was in fact a percentage of the total Pleiades Trust.

42.     When Defendant Sonn presented Plaintiff Getty with the Second Incentive Award Letter and requested Plaintiff sign the letter on or about March 14, 2021, Defendant Sonn was aware that Plaintiff Getty was experiencing extremely stressful issues in her personal life.  In addition to these issues, Defendant Sonn was aware that the anniversary date of the death of Plaintiff Getty's close family member was occurring in this immediate time period.

43.     Defendant Sonn expressed orally to Plaintiff Getty that the amount to which Plaintiff Getty would commit by signing the Second Incentive Award Letter was $2 million, when in fact the commitment stated in the Second Incentive Award Letter is $2.5 million.

44.     Plaintiff Getty initially expressed to Defendant Sonn that the amounts Defendant Sonn was requesting (which Plaintiff believed to be $2 million based on the discussion with Defendant Sonn) were quite steep, and asked for time to think about the request.

7

45.     Defendant Sonn did not respect Plaintiff Getty's request, and instead proceeded to pressure Plaintiff Getty, via oral conversations and written communications, to execute the Second Incentive Award Letter and authorize its terms on behalf of Plaintiff KPG.  Defendant Sonn repeatedly expressed to Plaintiff Getty that she needed to hurry and sign the Second Incentive Award Letter.

46.     Defendant Sonn advised Plaintiff Getty that everyone else in Plaintiff Getty's life was against Defendant Sonn, and discouraged Plaintiff Getty from allowing anyone else to review the Second Incentive Award Letter.

47.     Defendant Sonn was aware of Plaintiff Getty's personal circumstances at the time that rendered Plaintiff Getty vulnerable to such pressure.

48.     Prior to March 2021, Defendant Sonn befriended Plaintiff Getty and gained her trust so that Plaintiff Getty would not question Defendant Sonn's advice or motives.  As a result of these efforts over the years, Plaintiff Getty trusted Defendant Sonn unconditionally at that point.

49.     Defendant Sonn had access to all of Plaintiff Getty's personal and trust accounts.  Defendant Sonn assisted Plaintiff Getty with purchasing her residence.  Defendant Sonn advised Plaintiff Getty on how she should vote on all trust investments and related matters, and Plaintiff Getty came over the years to unconditionally trust, accept, and depend upon all of Defendant Sonn's recommendations.

50.     Defendant Sonn leveraged this position of trust and dependence in pressuring Plaintiff Getty to quickly sign the Second Incentive Award Letter.

51.     As a result of Defendant Sonn's pressure to execute the Second Incentive Award Letter, Plaintiff Getty executed the Second Incentive Award Letter on behalf of Plaintiff KPG on March 17, 2021, just three days after Defendant Sonn presented the document to Plaintiff Getty.

52.     Plaintiff Getty did not have any reason to believe that her execution of the Second Incentive Award Letter was inappropriate or unwarranted due to Defendant Sonn's representations that the terms of the Second Incentive Award Letter were fair, justified, and in the best interests of Plaintiff KPG and Plaintiff Getty.

//

8

53.     Having successfully coerced Plaintiff Getty into executing the Second Incentive Award Letter, Defendant Sonn immediately took steps to secure payment of funds.  On March 25, 2021, Defendant Sonn emailed Plaintiff KPG's Secretary and Treasurer Francis Nash (now deceased) to demand payment of her first bonus award.  Defendant Sonn was aware that Mr. Nash had been suffering from a medical condition.  Upon discovering that Mr. Nash was still sick, Defendant Sonn requested that Mr. Nash ignore his other responsibilities and focus his limited energy on processing her bonus payment, stating: "Rather than sending the February financial statements, please save your energy to take care of making the manual payment on ADP's website."

54.     As a result of Defendant Sonn's pressuring, Plaintiff KPG made the first bonus payment of  $833,333 to Defendant Sonn on or about March 31, 2021.

55.     While both the original Incentive Award Letter and the Second Incentive Award letter required Defendant to execute a written release of claims against Plaintiff KPG and its affiliates prior to receiving any payments, upon information and belief Defendant Sonn obtained this payment without providing such a release.

56.     Following Plaintiff Getty's execution of the Second Incentive Award Letter, various interested individuals associated with Plaintiff Getty learned of the Second Incentive Award Letter's terms.  These individuals flagged the terms of the Second Incentive Award Letter and informed Plaintiff Getty that the terms were, in fact, unusual.

57.     Thereafter, Plaintiff Getty realized that Defendant Sonn had taken advantage of their relationship and coerced Plaintiff Getty to execute a document that was not in her best interests, or the best interests of Plaintiff KPG.  Given that Defendant Sonn had breached her relationship of trust in this manner, Plaintiff Getty could no longer permit Defendant Sonn to continue providing her services in either her capacity as Vice President of Plaintiff KPG or as a personal financial advisor to Plaintiff Getty.

58.     On November 30, 2021, Defendant Sonn was notified that her employment with Plaintiff KPG, as well as her relationship providing personal financial planning services to Plaintiff Getty, was terminated.

9

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD ❦ CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**FIRST CAUSE OF ACTION**
**(Breach of Fiduciary Duty)**

59.     Plaintiffs hereby repeat, reallege, and incorporate all the above-stated allegations of this Complaint as if fully set forth herein.

60.     NRS 78.138(1) states: "The fiduciary duties of directors and officers are to exercise their respective powers in good faith and with a view to the interests of the corporation."

61.     As an officer of Plaintiff KPG, a Nevada corporation organized under Chapter 78, Defendant Sonn had a duty to exercise her powers in good faith and with a view to the interests of Plaintiff KPG.

62.     As Plaintiff Getty's personal financial advisor, Defendant Sonn had a fiduciary duty to render advice and recommendations that were in Plaintiff Getty's best interests.

63.     Defendant Sonn's unilateral preparation of the Second Incentive Award Letter to disproportionately inflate her compensation and remove numerous provisions safeguarding the legal interests of Plaintiff KPG and Plaintiff Getty was not in the best interests of Plaintiff KPG or Plaintiff Getty, and constituted a breach of Defendant Sonn's fiduciary duties.

64.     Defendant Sonn's pressuring of Plaintiff Getty to execute the Second Incentive Award Letter, and recommendation that she do so, was not in the best interests of Plaintiff KPG or Plaintiff Getty, and constituted a breach of Defendant Sonn's fiduciary duties.

65.     Defendant Sonn's statements to Plaintiff Getty that she did not need to consult legal counsel or seek others' advice regarding execution of the Second Incentive Award Letter were not in the best interests of Plaintiff KPG or Plaintiff Getty, and constituted a breach of Defendant Sonn's fiduciary duties.

66.     Defendant Sonn's misrepresentations to Plaintiff Getty regarding the justification for and effect of the Second Incentive Award Letter were not in the best interests of Plaintiff KPG or Plaintiff Getty, and constituted a breach of Defendant Sonn's fiduciary duties.

67.     Defendant Sonn's concealment of material and relevant information from Plaintiff Getty, including the true reasons for and effect of the Second Incentive Award Letter, was not in

the best interests of Plaintiff KPG or Plaintiff Getty, and constituted a breach of Defendant Sonn's fiduciary duties.

68.     Defendant Sonn's leveraging of Plaintiff Getty's personal circumstances and her relationship of trust with Plaintiff Getty was not in the best interests of Plaintiff KPG or Plaintiff Getty, and constituted a breach of Defendant Sonn's fiduciary duties.

69.     As a direct and proximate result of Defendant Sonn's conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, in excess of $15,000.

70.     Defendant Sonn's conduct has required Plaintiffs to retain legal counsel to seek relief.  Plaintiffs are entitled to an award of their attorney's fees and costs incurred in bringing this action.

## SECOND CAUSE OF ACTION
### (Fraudulent/Intentional Misrepresentation)

71.     Plaintiffs hereby repeat, reallege, and incorporate all the above-stated allegations of this Complaint as if fully set forth herein.

72.     Between March 14, 2021 and March 17, 2021, Defendant Sonn falsely represented to Plaintiff Getty that the Second Incentive Award Letter was a "standard" document that served only to corroborate and substantiate the terms of the original Incentive Award Letter.  In fact, the Second Incentive Award Letter contained major material modifications to the terms of the original Incentive Award Letter.

73.     Between March 14, 2021 and March 17, 2021, Defendant Sonn falsely represented the nature of the amount of her bonus under the Second Incentive Award Letter, which was in fact a percentage of the total Pleiades Trust.

74.     Between March 14, 2021 and March 17, 2021, Defendant Sonn omitted facts related to the true nature of the Second Incentive Award Letter, including the fact that the terms were not in the best interest of Plaintiff KPG and Plaintiff Getty, despite the fact that Defendant Sonn was bound in good faith to disclose such facts to Plaintiff Getty.  Defendant Sonn's

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

omissions are equivalent to false representations, as they constituted indirect representations that such facts did not exist.

75.     Defendant Sonn knew and believed that these representations were false.

76.     Defendant Sonn intended to induce Plaintiff Getty to execute the Second Incentive Award Letter based on her representations.

77.     Given that Defendant Sonn was the Vice President of KPG, Plaintiff Getty's personal financial advisor, and someone that Plaintiff Getty believed to be her close personal friend, Plaintiff Getty justifiably relied on Defendant Sonn's representations.

78.     As a direct and proximate result of Defendant Sonn's conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, in excess of $15,000.

79.     Defendant Sonn's conduct has required Plaintiffs to retain legal counsel to seek relief.  Plaintiffs are entitled to an award of their attorney's fees and costs incurred in bringing this action.

### THIRD CAUSE OF ACTION
### (Negligent Misrepresentation)

80.     Plaintiffs hereby repeat, reallege, and incorporate all the above-stated allegations of this Complaint as if fully set forth herein.

81.     Defendant Sonn, in the course of her employment with Plaintiff KPG and provision of personal financial planning services to Plaintiff Getty, failed to exercise reasonable care or competence in obtaining or communicating the information to guide Plaintiffs in connection with business transactions.

82.     Defendant Sonn supplied false information and failed to disclose material information she had a duty to disclose related to the nature of the Second Incentive Award Letter, including facts related to whether the terms of the Second Incentive Award Letter were fair, justified, and in the best interests of Plaintiff KPG and Plaintiff Getty.

83. Given Defendant Sonn's experience as a financial planner, status as Vice President of Plaintiff KPG, and close personal and professional relationship with Plaintiff Getty, Plaintiffs justifiably relied on information provided by Defendant Sonn.

84. As a direct and proximate result of Defendant Sonn's conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, in excess of $15,000.

85. Defendant Sonn's conduct has required Plaintiffs to retain legal counsel to seek relief. Plaintiffs are entitled to an award of their attorney's fees and costs incurred in bringing this action.

**FOURTH CAUSE OF ACTION**
**(Rescission; Fraudulent Inducement; Unconscionability; Undue Influence)**

86. Plaintiffs hereby repeat, reallege, and incorporate all the above-stated allegations of this Complaint as if fully set forth herein.

87. In March 2021, Defendant Sonn made false representations to Plaintiffs regarding the nature of the Second Incentive Award Letter, including facts related to the Second Incentive Award Letter. Specifically, Defendant Sonn represented that the terms of the Second Incentive Award Letter were fair, justified, and in the best interests of Plaintiff KPG and Plaintiff Getty.

88. Defendant Sonn knew that the representations regarding the nature of the Second Incentive Award Letter were false or that she had an insufficient basis of information for making the representations.

89. Defendant Sonn made the false representations with the intent that Plaintiffs would rely upon the statements and execute the Second Incentive Award Letter.

90. Plaintiffs justifiably relied upon Defendant Sonn's representations in executing the Second Incentive Award Letter.

91. Only once other non-interested parties provided Plaintiffs advice (which Defendant Sonn actively sought to prevent prior to execution of the Second Incentive Award Letter) did Plaintiffs discover that Defendant Sonn's representations were false, and that such representations

McDONALD ⚜ CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

were designed to induce Plaintiffs to execute the Second Incentive Award Letter against Plaintiffs' interests.

92.     As a result of Defendant Sonn's fraudulent inducement, Plaintiffs are entitled to rescission of the Second Incentive Award Letter.

93.     The Second Incentive Award Letter is both procedurally and substantively unconscionable.

94.     Due to the circumstances surrounding the execution of the Second Incentive Award Letter, including Plaintiff Getty's reliance on Defendant Sonn to act in her best interests, which caused her to believe that no review of the terms was necessary, unequal bargaining power was created between Defendant Sonn and Plaintiffs, and Plaintiffs lacked meaningful opportunity to agree to the Second Incentive Award Letter's terms.

95.     The terms of the Second Incentive Award Letter, including the provision entitling Defendant Sonn to a guaranteed schedule of payments totaling $2.5 million that would accelerate to be paid immediately upon her termination for any reason, were so one-sided and oppressive as to constitute substantive unconscionability.

96.     As a result of the unconscionable nature of the Second Incentive Award Letter, Plaintiffs are entitled to rescission of the Second Incentive Award Letter.

97.     Defendant Sonn exerted undue influence over Plaintiff Getty in pressuring Plaintiff Getty to execute the Second Incentive Award Letter, based on events in Plaintiff Getty's personal life and Defendant Sonn's fiduciary relationship to Plaintiff Getty.

98.     Plaintiff Getty was unduly susceptible to the excessive and unreasonable pressure Defendant Sonn placed on Plaintiff Getty to execute the Second Incentive Award Letter, the terms of which were grossly one-sided and unfair to Plaintiffs.

99.     Plaintiff Getty assumed Defendant Sonn would not act in a manner inconsistent with Plaintiffs' welfare.

100.    As a result of Defendant Sonn's exertion of undue influence over Plaintiff Getty, Plaintiffs are entitled to rescission of the Second Incentive Award Letter.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

101.    As a direct and proximate result of Defendant Sonn's conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, in excess of $15,000.

102.    Defendant Sonn's conduct has required Plaintiffs to retain legal counsel to seek relief.  Plaintiffs are entitled to an award of their attorney's fees and costs incurred in bringing this action.

**FIFTH CAUSE OF ACTION**
**(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing)**

103.    Plaintiffs hereby repeat, reallege, and incorporate all the above-stated allegations of this Complaint as if fully set forth herein.

104.    Nevada law imposes a duty of good faith and fair dealing into every contract.

105.    Defendant Sonn breached the covenant of good faith and fair dealing implied in the original Incentive Award Letter by performing in a manner unfaithful to its purposes. Defendant Sonn breached her fiduciary duties, misrepresented material facts to Plaintiff Getty regarding the Second Incentive Award Letter, concealed material facts that she had a duty to disclose to Plaintiff Getty, and circumvented the terms of the original Incentive Award Letter.

106.    As a direct and proximate result of Defendant Sonn's conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, in excess of $15,000.

107.    Defendant Sonn's conduct has required Plaintiffs to retain legal counsel to seek relief.  Plaintiffs are entitled to an award of their attorney's fees and costs incurred in bringing this action.

**SIXTH CAUSE OF ACTION**
**(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)**

108.    Plaintiffs hereby repeat, reallege, and incorporate all the above-stated allegations of this Complaint as if fully set forth herein.

109.    As Defendant Sonn was a fiduciary of Plaintiffs, a special relationship existed between Defendant Sonn and Plaintiffs.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

110.     As an officer of Plaintiff KPG and a trusted personal financial advisor to Plaintiff Getty, Defendant Sonn was in an entrusted position.

111.     Defendant Sonn engaged in grievous and perfidious misconduct by seeking to remove the protections of Plaintiffs' legal rights set forth in the original Incentive Award Letter, preparing the Second Incentive Award Letter, misrepresenting the nature of the Second Incentive Award Letter, concealing material facts regarding the Second Incentive Award Letter, pressuring Plaintiff Getty to sign the Second Incentive Award Letter, and retaining funds paid as a result of her conduct.

112.     As a direct and proximate result of Defendant Sonn's conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, in excess of $15,000.

113.     Defendant Sonn's conduct has required Plaintiffs to retain legal counsel to seek relief.  Plaintiffs are entitled to an award of their attorney's fees and costs incurred in bringing this action.

**SEVENTH CAUSE OF ACTION**
**(Unjust Enrichment, In The Alternative)**

114.     Plaintiffs hereby repeat, reallege, and incorporate all the above-stated allegations of this Complaint as if fully set forth herein.

115.     Plaintiffs conferred a benefit on Defendant Sonn by providing funds to which Defendant Sonn was not entitled.

116.     Defendant Sonn knew of the benefit conferred by Plaintiffs and has been unjustly enriched, at the expense of and to the detriment of Plaintiffs.

117.     As a direct and proximate result of Defendant Sonn's conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, in excess of $15,000.

118.     Defendant Sonn's conduct has required Plaintiffs to retain legal counsel to seek relief.  Plaintiffs are entitled to an award of their attorney's fees and costs incurred in bringing this action.

16

**EIGHTH CAUSE OF ACTION**
**(Declaratory Relief)**

119.    Plaintiffs hereby repeat, reallege, and incorporate all the above-stated allegations of this Complaint as if fully set forth herein.

120.    An actual and justifiable controversy has arisen and now exists between Plaintiffs and Defendant Sonn with respect to the formation and validity of the Second Incentive Award Letter and the obligations arising therefrom.

121.    Plaintiffs deny that Defendant Sonn is owed the sums set forth in the Second Incentive Award Letter.

122.    To date, Defendant Sonn has retained $833,333 she wrongfully received in connection with the Second Incentive Award Letter.  Defendant Sonn claims she is entitled to the remaining amounts set forth in the Second Incentive Award Letter.

123.    These issues are ripe for judicial determination because Defendant Sonn has retained amounts she wrongfully received, and maintains that she is owed further amounts.

124.    Plaintiffs request a judicial determination of the rights and obligations between Plaintiffs and Defendant Sonn as described herein.  In particular, Plaintiffs seek the following declarations and determinations from the Court:

　　　　a.    The Second Incentive Award Letter is void due to Defendant Sonn's fraudulent inducement, the unconscionable nature of the agreement, and Defendant Sonn's undue influence exerted over Plaintiff Getty;

　　　　b.    Plaintiffs are entitled to repayment of the amounts paid to Defendant Sonn under the auspices of the Second Incentive Award Letter in the amount of $833,333; and

　　　　c.    Plaintiffs are not obligated to pay Defendant Sonn any further sums under the Second Incentive Award Letter or any other purported agreement.

125.    Such declarations are necessary and appropriate at this time so that Plaintiffs may ascertain their rights with respect to the subject matter of the parties' dispute.

//

//

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

17

126.   Defendant Sonn's conduct has required Plaintiffs to retain legal counsel to seek relief.  Plaintiffs are entitled to an award of their attorney's fees and costs incurred in bringing this action.

## PRAYER FOR RELIEF

For these reasons, Plaintiffs pray for relief against Defendant Sonn as follows:

(1)   For general, compensatory, and punitive damages exceeding $15,000.00;

(2)   For reasonable attorney's fees and costs;

(3)   For prejudgment and post-judgment interest on all sums awarded according to proof at the maximum legal rate; and

(4)   For such other and further relief as the Court may deem just and proper.

## AFFIRMATION

Pursuant to NRS 239B.030, the undersigned affirms that this document does not contain any personal information, as defined in NRS 603A.040.

DATED this 16th day of March, 2022.

MCDONALD CARANO LLP


By:  _/s/ Leigh T. Goddard_____
Leigh T. Goddard, NV Bar No. 6315
Daniel I. Aquino, NV Bar No. 12682
Tara U. Teegarden, NV Bar No. 15344
McDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
lgoddard@mcdonaldcarano.com
daquino@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

Attorneys for Plaintiffs

## INDEX OF EXHIBITS

| Exhibit No. | Description | No. of Pages |
|:---:|:---|:---:|
| 1 | November 1, 2015 Employment Agreement | 5 |
| 2 | November 10, 2017 Incentive Award Letter | 3 |
| 3 | March, 2021 Second Incentive Award Letter | 3 |

4877-3936-3606, v. 6

McDONALD 〰 CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

# Exhibit 1

## EMPLOYMENT AGREEMENT









# Exhibit 2

**KPG Investments Inc.**



Sincerely,

Kendalle P. Getty
Sole Director, KPG Investments Inc.

Agreed and Accepted:

Marlena Sonn

2

# Exhibit 3

**KPG Investments Inc.**





F I L E D
Electronically
CV22-00444
2022-03-17 09:28:15 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 8951191 : yviloria

**2488**
Leigh T. Goddard, NV Bar No. 6315
Daniel I. Aquino, NV Bar No. 12682
Tara U. Teegarden, NV Bar No. 15344
McDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
lgoddard@mcdonaldcarano.com
daquino@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

*Attorneys for Plaintiffs*

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual, | CASE NO.: |
| | DEPT. NO.: |
| Plaintiffs, | |
| v. | |
| MARLENA SONN, an individual; AND DOES 1-20, | |
| Defendant. | |

### PLAINTIFFS' *EX PARTE* MOTION TO SEAL COMPLAINT

In accordance with SRCR 3, Plaintiffs KPG Investments Inc. ("Plaintiff KPG") and Kendalle Getty ("Plaintiff Getty"), by and through their counsel of record, the law firm of McDonald Carano LLP, respectfully move *ex parte* for an order sealing Plaintiffs' Complaint and Exhibits 1-3 attached therero.   Plaintiffs' requested relief is necessary to comply with confidentiality provisions of agreements previously executed by the parties to this action, to protect the safety of Plaintiff Getty and her family by redacting financial information, and to protect information regarding medical and mental health.   Plaintiffs further request that the Complaint and Exhibits 1-3 remain sealed from the public record for a reasonable period of time until the Court rules upon this Motion as contemplated by SRCR 3(2).

//

This Motion is based on the Points and Authorities, the Declaration of Daniel I. Aquino, attached hereto as **Exhibit 1**, the pleadings and papers on file herein, and such other matters as the Court may wish to consider.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

As set forth in the Complaint, a trust (the "Trust") was established for the benefit of various individuals, including Plaintiff Getty and other members of the Getty family.  The Trust contains a significant amount of money, a portion of which Plaintiff Getty will receive once certain conditions are met.  Defendant Marlena Sonn ("Defendant Sonn") was formerly Plaintiff Getty's personal financial advisor, as well the Vice President of Plaintiff KPG.  In these capacities, Defendant Sonn provided advice to Plaintiffs regarding financial matters, including matters related to funds contained in the Trust.

The Getty family and its accompanying wealth are infamous in American history.  Such notoriety has caused significant safety issues in the past, which at their most extreme have included kidnappings and ransom requests.  Due to the wealth that remains within the Getty family and Plaintiff Getty's potential entitlement to a portion of that sum, Plaintiffs request that the Complaint be sealed from the public record.  In particular, Plaintiffs have necessarily alleged extensive information related to:  (1) the legal name of the Trust, (2) the total amount of funds in the Trust, (3) information revealing or suggesting the amounts that Plaintiff Getty is eligible to receive under the terms of the Trust, and (4) the conditions under which Plaintiff Getty is eligible to receive funds from the Trust.  The exhibits to the Complaint, which reflect the above information and are subject to contractual confidentiality provisions (which were put in place, in large part, due to the safety concerns set forth above) should also be sealed from the public record.  Plaintiffs submit that such relief is necessary to preserve the health and safety of Plaintiff Getty and her family, which constitutes compelling circumstances as contemplated by SRCR 3(4)(h).

Further, the Complaint refers to information regarding medical conditions of a former employee of Plaintiff KPG, which must be sealed to preserve privacy as set forth in SRCR 3(4)(f). //

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

Finally, Plaintiffs anticipate Defendant Sonn may assert that Plaintiffs' allegations regarding Defendant Sonn's conduct fall under the scope of the confidentiality obligations to which she agreed in connection with her employment with Plaintiff KPG.  While Plaintiffs do not waive any arguments regarding that issue, Plaintiffs in good faith request sealing of the Complaint to preserve confidentiality of those allegations given the *ex parte* filing of this Motion.

Accordingly, Plaintiffs move this Court for an order sealing the Complaint and Exhibits 1-3 thereto in accordance with SRCR 3(4)(f) and (h).

## II.     LEGAL ARGUMENT

The Nevada Supreme Court has adopted rules governing the sealing of court records.  Specifically, "[a]ny person may request that the court seal or redact court records from a case that is subject to these rules by filing a written motion…."  SRCR 3(1).  The Court may "order the court files and records, or any part thereof, in a civil action to be sealed or redacted, provided the court makes and enters written findings that the specific sealing or redaction is justified by identified compelling privacy or safety interests that outweigh the public interest in access to the court record."  SRCR 3(4).  "The public interest in privacy or safety interests that outweigh the public interest in open court records include findings that": "(f)  The sealing or redaction includes medical, mental health, or tax records," or "(h) The sealing or redaction is justified or required by another identified compelling circumstance." SRCR 3(4)(f) and (h).  Further, upon filing of a motion to seal or redact, the subject document shall remain under seal for a reasonable period of time until the Court rules on the motion. SRCR 3(2).

As set forth above, sealing this information is necessary to preserve the health and safety of Plaintiff Getty and her family, to maintain the privacy of medical information set forth in the Complaint, and to preserve the confidentiality provisions set forth in the agreements between the parties.

There is no public hazard in this case and there will be no prejudice to Defendant Sonn because Plaintiff shall serve a copy of the Complaint on Defendant Sonn.  Further, Defendant Sonn already possesses all of the exhibits that Plaintiffs seek to file under seal.  Exhibit 1 to the Complaint is the operative employment agreement executed by Plaintiffs and Defendant Sonn.  Exhibits 2 and

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

3 are letters related to Defendant Sonn's bonus compensation, which she possesses.  As such, compelling circumstances justify sealing of the Complaint pursuant to SRCR 3(4)(f) and (h).

After the appearance of Defendant, Plaintiffs respectfully request that the Court set a status conference at which less restrictive means of further confidentiality can be discussed and the position of each party can be heard.

## III.    CONCLUSION

Based on the foregoing, Plaintiffs request that this Motion be granted, that the Complaint and exhibits thereto be filed under seal, and that such documents and information remain confidential and protected from public examination in the court record pending disposition of this request pursuant to SRCR 3(2).

### **AFFIRMATION**

Pursuant to NRS 239B.030, the undersigned affirms that this document does not contain any personal information, as defined in NRS 603A.040.

DATED this 16th day of March, 2022.

MCDONALD CARANO LLP


By: _/s/ Leigh T. Goddard_____
Leigh T. Goddard, NV Bar No. 6315
Daniel I. Aquino, NV Bar No. 12682
Tara U. Teegarden, NV Bar No. 15344
McDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
lgoddard@mcdonaldcarano.com
daquino@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

*Attorneys for Plaintiffs*

**LIST OF EXHIBITS**

| EXHIBIT | DESCRIPTION | PAGES |
|---------|-------------|-------|
| 1. | Declaration of Daniel Aquino | 2 |

4887-8107-7270, v. 3

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

F I L E D
Electronically
CV22-00444
2022-03-17 09:28:15 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 8951191 : yviloria

# EXHIBIT 1

# EXHIBIT 1

**1520**
Leigh T. Goddard, NV Bar No. 6315
Daniel I. Aquino, NV Bar No. 12682
Tara U. Teegarden, NV Bar No. 15344
McDONALD CARANO LLP
100 West Liberty Street, Tenth Floor
Reno, NV 89101
Telephone: (775) 788-2000
Facsimile: (775) 873-9966
lgoddard@mcdonaldcarano.com
daquino@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

*Attorneys for Plaintiffs*

**IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

**IN AND FOR THE COUNTY OF WASHOE**

**\* \* \* \***

| | |
|---|---|
| KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual, | CASE NO.: |
| | DEPT. NO.: |
| Plaintiffs, | |
| v. | |
| MARLENA SONN, an individual; AND DOES 1-20, | |
| Defendant. | |

**<u>DECLARATION OF DANIEL I. AQUINO, ESQ.</u>**

I, DANIEL I. AQUINO, ESQ., declare as follows:

1.      I am a resident of the State of Nevada, and an Of Counsel attorney with the law firm of McDonald Carano LLP, counsel for Plaintiffs in the above-captioned action.  I have personal knowledge of the following and can competently testify thereto.

2.      I make this declaration in support of Plaintiffs' *Ex Parte* Motion to Seal Complaint ("Motion").

3.      As set forth in the Motion, Plaintiffs bring this action against Defendant for her failure to fulfill fiduciary duties as a corporate officer of Plaintiff KPG, among other grounds. Duties and obligations related to Defendant's employment agreement and her compensation documents are also at issue.  Each of the relevant documents contain an express provision providing that financial information and matters related Defendant Sonn's compensation be kept confidential.

4.      Further, due to the public nature of Plaintiff Getty's family and its wealth (and the need to maintain confidentiality of information regarding the related trusts), safety considerations warrant confidentiality of this information.

5.      Because the disclosure of the terms surrounding the parties' relationship and contractual obligations is necessary to illustrate Defendant's breaches and other conduct, the substance of the Complaint discusses such information in extensive detail, throughout the Complaint.   The existence of contractual provisions requiring confidentiality, safety considerations, and other compelling circumstances set forth in the Motion justify sealing the Complaint and exhibits under Rule 3(4)(f) and (h) of the Nevada Rules for Sealing and Redacting Court Records.  Less restrictive measures such as redactions would not be possible for the Complaint at this time given the broad confidentiality provisions as well as the absence of Defendant's input.

6.      Good cause exists for considering this Motion on an *ex parte* basis, as Plaintiffs seek to seal the Complaint, which is the initial filing in this case, and the Defendant has not yet been served or appeared.

7.      I declare under penalty of perjury that the foregoing is true and correct.

Executed: March 16, 2022.

          /s/ *Daniel I. Aquino*
          Daniel I. Aquino

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

2