1  GUNDERSON LAW FIRM
2  Mark H. Gunderson, Esq.
   Nevada State Bar No. 2134
3  mgunderson@gundersonlaw.com
   Austin K. Sweet, Esq.
4  Nevada State Bar No. 11725
   asweet@gundersonlaw.com
5  3895 Warren Way
   Reno, Nevada 89509
6  Telephone: 775.829.1222
7  Facsimile: 775.829.1226
   *Attorneys for Minerva Office Management, Inc. and*
8  *Robert L. Leberman*

9

                **UNITED STATES DISTRICT COURT**
10
                    **DISTRICT OF NEVADA**
11

12  KPG INVESTMENTS INC., a Nevada            Case No.:
    corporation; KENDALLE GETTY, an individual,   3:22-cv-00236-ART-CLB
13

14              Plaintiffs,
         v.
15

16  MARLENA SONN, an individual; AND DOES
    1-20,
17

                Defendant.
18  _____/

19  MARLENA SONN,                             Consolidated with:
                                              3:22-cv-00323-ART-CLB
20              Plaintiff,
         v.
21

22  KENDALLE P. GETTY, as Trustee of the      **MINERVA AND LEBERMAN'S**
    Pleiades Trust and as an individual, KPG  **MOTION TO DISMISS**
23  INVESTMENTS, INC., as Trustee of the
    Pleiades Trust, ALEXANDRA SARAH
24  GETTY, as Trustee of the Pleiades Trust and as
    an individual, ASG INVESTMENTS, INC., as
25  Trustee of the Pleiades Trust, MINERVA
26  OFFICE MANAGEMENT, INC., and
    ROBERT L. LEBERMAN,
27

28              Defendants.
    _____/

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

                        -1-

1   Defendants MINERVA OFFICE MANAGEMENT, INC. ("Minerva"), and ROBERT L.
2   LEBERMAN ("Leberman"), by and through their counsel of record, Mark H. Gunderson, Esq. and
3   Austin K. Sweet, Esq., submit this Motion to Dismiss ("Motion") the *Complaint* ("Complaint") filed
4   by Plaintiff MARLENA SONN ("Sonn") on May 11, 2022, originally in the United States District
5   Court for the Eastern District of New York, Case No. 2:22-cv-01137-APG-BNW, which was
6   subsequently transferred to this Court and consolidated into this action pursuant to this Court's July
7   27, 2022, *Order* [Doc. 16].   This Motion is made and based upon FRCP 12, the following
8   memorandum of points and authorities, the pleadings on file in this case, and any oral argument this
9   court wishes to entertain.

10                    **MEMORANDUM OF POINTS AND AUTHORITIES**

11  **I.     INTRODUCTION**

12         This case arises out of a disgruntled former employee's efforts to retroactively extract
13  additional compensations from her prior employers.  Sonn was employed by KPG INVESTMENTS
14  INC. ("KPG Investments") and ASG INVESTMENTS, INC. ("ASG Investments") for several years
15  and was well-compensated for her services.  However, according to her *Complaint*, in 2021 Sonn
16  believed that she had performed her job exceptionally well and should therefore be given a
17  $5,000,000.00 bonus ($2,500,000.00 each from KPG Investments and ASG Investments) "in
18  recognition of her past performance." Critically, Sonn does not allege that KPG Investments or ASG
19  Investments ever failed to pay any of the wages or compensation they had agreed upon during the
20  course of Sonn's employment; rather, Sonn essentially complains that she should have asked for a
21  raise several years earlier and that she should now be retroactively compensated for the raise she
22  never requested and was never given.

23         Sonn also generally alleges that the reason why ASG Investments and KPG Investments fired
24  her and refuse to pay her a retroactive $5,000,000.00 bonus "in recognition of her past performance"
25  is that Minerva and/or Leberman turned Kendalle P. Getty and Alexandra Sarah Getty against Sonn
26  because Sonn objected to what Sonn considered to be an "unlawful tax avoidance scheme that he
27  devised and/or implemented."  Sonn's *Complaint* fails to state a claim upon which relief can be
28  granted against Minerva and Leberman.  Neither Minerva nor Leberman ever employed Sonn.  There

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-2-

is not a single allegation of fact that Minerva or Leberman did or said anything to Alexandra Sarah Getty or Kendalle Getty to cause them each, and at different times, to terminate Sonn's employment. There is not a single allegation of fact that Sonn wrote to or said to Minerva or Leberman that the Getty trusts' complex structure was an "unlawful" or "fraudulent" tax avoidance scheme.[1]  Sonn is looking for a scapegoat and wrongfully pins her own failures on Minerva and Leberman.

Sonn's Complaint seeks desperately to rewrite a simple story: Sonn was fired by two corporations and the principals because they lost trust in her. Sonn has only herself to blame for these justifiable terminations. Minerva and Leberman did not cause either of those terminations. There is simply no legal or factual basis for Sonn's claims against Minerva and Leberman.  Sonn's claims against Minerva and Leberman should be dismissed.

## II.    SUMMARY OF RELEVANT ALLEGATIONS

The following is a summary of the facts alleged in the *Complaint* that are relevant to this Motion.  Although many of these allegations are disputed, they are accepted as true for the purposes of this Motion.  Williams ex. Rel. Tabiu v. Gerber Products Co., 523 F.3d 934, 937 (9th Cir. 1993).

KPG Investments is a Nevada-based corporation. *Complaint* ¶ 26.  ASG Investments is also a Nevada-based corporation.  Id.

On October 15, 2014, Sonn became an employee of ASG Investments. *Complaint* ¶ 39.  It was agreed that Sonn would be paid an annual base salary of $80,000.00, which would be reviewed annually and adjusted by the payment of a bonus, the amount of which, if any, would be left to Alexandra Sarah Getty's sole discretion.  Id.   Sonn also continued to serve as Alexandra Sarah Getty's personal financial advisor, for which she was compensated through the standard 1% fee of Alexandra Sarah Getty's personal assets under Sonn's management. Id. ¶ 46.

On November 1, 2015, Sonn became an employee of KPG Investments. *Complaint* ¶ 42.  It was agreed that Sonn would receive an annual base salary of $100,000.00 from KPG Investments, together with discretionary bonus payments in an amount to be determined by Kendalle P. Getty.  Id.

---

[1] Indeed, as Sonn acknowledges in her *Complaint*, the Getty trusts' complex structure is no secret to any of the state or federal tax agencies: every piece of this complex structure has been heavily scrutinized and consistently approved by the most sophisticated tax regulators and tax advisors available for nearly 50 years.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-3-

1 Sonn also continued to serve as Kendalle P. Getty's personal financial advisor, for which she was
2 compensated through the standard 1% fee of Kendalle P. Getty's personal assets under Sonn's
3 management. Id. ¶ 46.

4      Despite living in New York, Sonn was treated as a Nevada employee, with ASG Investments
5 and KPG Investments not withholding New York State taxes or making any of the other applicable
6 employer contributions required by New York State law. *Complaint* ¶ 44. Sonn alleges that this
7 occurred because Minerva wanted to avoid the appearance of conducting any business outside of
8 Nevada. Id. From the very beginning of her time working for ASG Investments and KPG
9 Investments, Sonn was repeatedly advised about the importance of maintaining the appearance that
10 Alexandra Sarah Getty and Kendalle P. Getty were neither residing in, nor conducting trust business,
11 in the State of California. Id. ¶ 69. Throughout the course of her employment with ASG Investments
12 and KPG Investments, one of Sonn's roles was to ensure that all business related to the administration
13 of the trust was kept out of California, and to keep Alexandra Sarah Getty's and Kendalle P. Getty's
14 residency status outside of California, wherever possible. Id. ¶ 76. During her employment, Sonn
15 performed substantially all of her work from her office and/or residence in New York. Id. ¶ 141.

16      In or around mid-2017, Alexandra Sarah Getty and Kendalle P. Getty both separately agreed
17 to provide Sonn with a deferred compensation incentive equal to 0.00375% of the aggregate after-tax
18 amount of any distributions they received from the Pleiades Trust, payable in two installments
19 following the death of their father. *Complaint* ¶ 61. These deferred compensation incentives were
20 memorialized in an agreement with ASG Investments on October 20, 2017, and in a separate
21 agreement with KPG Investments on November 11, 2017. Id. ¶ 64. Such payments were conditioned
22 upon Sonn's continued employment as of the time that Alexandra Sarah Getty and Kendalle P. Getty
23 actually received distributions from the Pleiades Trust. Id. ¶ 117.

24      On or about January 27, 2021, Sonn was terminated from ASG Investments. *Complaint* ¶ 99.
25 Sonn and Alexandra Sarah Getty agreed to a severance package that would include a payment of
26 $2,500,000 to Sonn, representing approximately 0.0025% of the aggregate pre-tax value of the entire
27 ///
28 ///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-4-

1 | Pleiades Trust.[2]  Id. ¶ 104.  This amount was compensation for what Sonn believes to be the value of
2 | her service as an employee of ASG Investments from October 15, 2014, through January 27, 2021.
3 | Id. ¶ 110.  Sonn describes this amount "as fair compensation for her outstanding past performance as
4 | Vice President of ASG Investments…."  Id. ¶ 147.  On February 2, 2021, Sonn was terminated as
5 | Alexandra Sarah Getty's personal financial advisor as well.  Id. ¶ 106.

6 |      Sonn subsequently approached Kendalle P. Getty about her compensation structure, and
7 | Kendalle P. Getty agreed to pay Sonn a bonus in the amount of $2,500,000.00.  *Complaint* ¶¶ 112 –
8 | 115.  This payment was offered "as 'earned' compensation for [Sonn's] outstanding past
9 | performance…."  Id. ¶ 116.  "[T]he $2.5 million bonus was in recognition of [Sonn's] past
10 | performance…."  Id. ¶ 117.  On November 30, 2021, Sonn was terminated from KPG Investments.
11 | Id. ¶ 127.  On March 3, 2022, Sonn was terminated as Kendalle P. Getty's personal financial advisor
12 | as well.  Id. ¶ 129.

13 | **III.    APPLICABLE LAW**

14 |      A party may move to dismiss a pleading for failure to state a claim upon which relief can be
15 | granted under FRCP 12(b)(6).  To survive dismissal, a plaintiff must allege a plausible claim for relief
16 | as judged by judicial experience and common sense.  Ashcroft v. Iqbal,129 S. Ct. 1937,1950 (2009).
17 | "Dismissal is proper where there is either a 'lack of cognizable legal theory' or 'the absence of
18 | sufficient facts alleged under a cognizable legal theory.'" Marksman Partners, L.P. v. Chantal Pharm.
19 | Corp., 927 F.Supp. 1297, 1304 (C.D. Cal. 1996) (quoting Balistreri v. Pacifica Police Dep't., 901
20 | F.2d 696, 699 (9th Cir. 1988)). In reviewing a plaintiff's complaint, the court is "not bound to accept
21 | as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286
22 | (1986).

23 |      "[F]actual allegations must be enough to raise a right to relief above the speculative level…on
24 | the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell

---

25 | [2] The original deferred compensation incentive equaled 0.00375% of Alexandra Sarah Getty's 1/3
26 | share of the Pleiades Trust, or 0.00125% of the total value of the Pleiades Trust, *after* tax, and *after*
those sums were actually distributed to Alexandra Sarah Getty.  *Complaint* ¶ 61.  The new
27 | arrangement, according to Sonn, more than doubled the compensation she was owed to 0.0025% of
the total value of the Pleiades Trust, *pre* tax, and *before* those sums were actually distributed to
28 | Alexandra Sarah Getty.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-5-

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007).  To "state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory" - in other words, enough facts to state a claim that is facially plausible. Id. at 568.  "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (internal quotation marks and citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. The conclusory nature of allegations "disentitles them to the presumption of truth." Id. at 1951.

Additionally, a plaintiff can plead itself out of a claim by including factual allegations contrary to the factual elements of his claims or contradicted by documents referred to in the complaint. Sprewell v. Golden State llarriors,266 F3d 979,988 (9th Cir. 2001); see also Steclvnan v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."); Soo Line R.R. v. St. Louis Southwestern Ry., Co.,125 F.3d 481, 483 (7th Cir. 1997) ("A plaintiff can plead itself out of court by alleging facts which show that it has no claim, even though it was not required to allege those facts.").

## IV.   ARGUMENT

Sonn alleges three (3) claims against Minerva and Leberman.  Each of these claims should be dismissed.

### A.   Count 1 – Unlawful Retaliation in Violation of Cal. Lab. Code § 1102.5

In Count 1, Sonn alleges that Minerva and Leberman engaged in unlawful retaliation in violation of California law. *Complaint* ¶¶ 137 – 145.  Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman in this regard because California law does not apply and, even if it did, neither Minerva nor Leberman ever employed Sonn.[3]

**California Law Does Not Apply:**  California Labor Code § 1102.5(b) provides, in relevant part, that "an employer, or any person acting on behalf of the employer, shall not retaliate against an

---

[3] The Court may take judicial notice of the complaint in the joined action (KPG Investments v. Sonn) in which the subject contract with KPG Investments states that Nevada law applies to all matters relating to the employment of Sonn.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-6-

1 | employee for disclosing information … to a person with authority over the employee … if the
2 | employee has reasonable cause to believe that the information discloses a violation of state or federal
3 | statute.…" California Labor Code § 1102.5(c) prohibits an employer, or any person acting on behalf
4 | of the employer, from retaliating against an employee for refusing to participate in an activity that
5 | would result in a violation of state or federal statute.…" To establish a prima facie case of
6 | whistleblower retaliation under California law, a plaintiff must show that she engaged in protected
7 | activity, that she was thereafter subjected to adverse employment action by her employer, and there
8 | was a causal link between the two. Robles v. Agreserves, Inc., 158 F. Supp. 3d 952 (E.D. Cal. 2016).
9 | Whistleblower retaliation claims under California Labor Code § 1102.5 "may only be brought against
10 | an employer." Minor v. Fedex Off. & Print Servs., Inc., 182 F. Supp. 3d 966, 989 (N.D. Cal. 2016).

11 |      California Labor Code § 1102.5 does not apply because Sonn's employment with ASG
12 | Investments and KPG Investments was not governed by California law. Sonn's employers were ASG
13 | Investments [*Complaint* ¶ 39] and KPG Investments [*Complaint* ¶ 42]. Both ASG Investments and
14 | KPG Investments are Nevada-based corporations. Id. ¶ 26. During her employment, Sonn performed
15 | substantially all of her work from her office and/or residence in New York. Id. ¶ 141. However,
16 | Sonn was treated as a Nevada employee. Id. ¶ 44. Sonn alleges that she was repeatedly advised
17 | about the importance of not conducting business in California. Id. ¶ 69. In fact, Sonn alleges that
18 | one of her roles was to ensure that all business related to the administration of the trust was kept out
19 | of California, and to keep Alexandra Sarah Getty's and Kendalle P. Getty's residency status outside
20 | of California, wherever possible. Id. ¶ 76. Despite citing California law as the basis for her first
21 | claim for relief, Sonn does not even allege that California law applies. There is simply no legal or
22 | factual basis in Sonn's *Complaint* to conclude that California law applies to Sonn's employment or
23 | this dispute.

24 |      **Neither Minerva Nor Leberman Employed Sonn:** Even if California law somehow does
25 | apply, whistleblower retaliation claims under California Labor Code § 1102.5 may only be brought
26 | against an employer. Minor, supra. Again, Sonn's employers were ASG Investments [*Complaint* ¶
27 | 39] and KPG Investments [*Complaint* ¶ 42]: neither Minerva nor Leberman ever employed Sonn.
28 | ///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-7-

1    Sonn's Count 1 against Minerva and Leberman has no foundation in fact or law.  Even

2  accepting all factual allegations in Sonn's *Complaint* as true, Sonn fails to state a claim upon which

3  relief can be granted against Minerva or Leberman.  Count 1 should be dismissed.

4        **B.      Count 6 – Unjust Enrichment**

5        In Count 6, Sonn alleges that Minerva and Leberman have been unjustly enriched by

6  "accepting Ms. Sonn's profitable investment strategies and other services without fair compensation."

7  *Complaint* ¶ 165.  Sonn alleges that Minerva specifically has been unjustly enriched because

8  "Minerva benefited as the administration office of the Pleiades Trust, receiving fees and other

9  payments."  Id. ¶ 165(c).  Sonn alleges that Leberman specifically has been unjustly enriched because

10  "Leberman benefited as President of Minerva and as Trust Administrator of the Pleiades Trust,

11  receiving fees and other payments."  Id. ¶ 165(d).

12        To prevail on a claim for unjust enrichment, Sonn must prove that: (1) Sonn conferred a

13  benefit on Minerva and/or Leberman; (2) Minerva and/or Leberman appreciated such benefit; and (3)

14  there is acceptance and retention by Minerva and/or Leberman of such benefit under circumstances

15  such that it would be inequitable for them to retain the benefit without payment of the value thereof.

16  Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ., 137 Nev. 378,

17  381, 492 P.3d 540, 543 (2021).  Sonn fails to state any of the elements upon which a claim for relief

18  can be granted against Minerva or Leberman in this regard.

19        **No Alleged Benefit to Minerva or Leberman:** Sonn's *Complaint* does not allege a single

20  fact to support the claim that Sonn conferred a benefit on Minerva or Leberman.  Sonn never worked

21  for Minerva or Leberman, never provided services to Minerva or Leberman, and never took any action

22  on Minerva's or Leberman's behalf or to Minerva's or Leberman's benefit.  In her *Complaint*, Sonn

23  simply alleges that she provided services to ASG Investments and KPG Investments, which in turn

24  benefitted the Pleiades Trust, and that Minerva and Leberman also provide services to the Pleiades

25  Trust. *Complaint* ¶ 165. Minerva and Leberman did not benefit, and are not alleged to have benefited,

26  from the "profitable investment strategies and other services" Sonn claims to have indirectly provided

27  to the Pleiades Trust.  There is simply no alleged connection whatsoever between the services Sonn

28  performed  and  the  compensation  that  Minerva  and  Leberman  received  for  the  services  they

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-8-

performed. For example, there is no allegation that the fees or compensation to Minerva or Leberman increased because of any services rendered by Sonn. Indeed, there is no allegation that the fees or compensation to Minerva or Leberman are tied to changes in the value of the Pleiades Trust. Without such facts, there is no causal connection between Sonn's services and the fees to Minerva or Leberman.

Sonn's claims for unjust enrichment must fail because there is no allegation of fact to support the claim that Minerva or Leberman were actually enriched as a result of Sonn's services. The allegation that the market value of the Pleiades Trust increased proves nothing. First, Sonn does not – indeed cannot – allege that her services were the proximate cause for any increase in the market value of the investments of the Pleiades Trust. Second, it is self-evident that numerous market factors affect the investments of the Trust, all of which are beyond the control of any one person. Third, Sonn's claim that she, and she alone, personally enriched Minerva and Leberman strains credibility. The Complaint is devoid of any factual allegation to support any such claim.

Sonn's Count 6 against Minerva and Leberman has no foundation in fact or law. Even accepting all factual allegations in Sonn's *Complaint* as true, Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman. Count 6 should be dismissed.

### C.   *Count 7 – Tortious interference, Willful Misfeasance and Bad Faith*

In Count 7, Sonn alleges that "the termination of Ms. Sonn's employment with ASG and KPG Investments and the subsequent withholding of amounts due to her as earned compensation were the direct and/or proximate result of [Minerva and Leberman]'s willful misfeasance and retaliatory bad faith actions directed at Ms. Sonn for expressing objection to and resisting against the unlawful tax avoidance scheme that he devised and/or implemented." *Complaint* ¶ 168. "Tortious interference," "willful misfeasance," "bad faith," and "retaliatory bad faith actions" are not independent legal claims for relief under Nevada law. Thus, the only cognizable claim contained in Count 7 is a claim for intentional interference with contractual relations. However, as to this cognizable claim, Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman.

In an action for intentional interference with contractual relations, a plaintiff must establish: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-9-

intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage. J.J. Indus., LLC v. Bennett, 119 Nev. 269, 274, 71 P.3d 1264, 1267 (2003). "[M]ere knowledge of the contract is insufficient to establish that the defendant intended or designed to disrupt the plaintiff's contractual relationship; instead, the plaintiff must demonstrate that the defendant intended to induce the other party to breach the contract with the plaintiff." Id. Sonn alleges that ASG Investments breached a contract to "make a severance payment in the amount of $2.5 million to Ms. Sonn, as fair compensation for her outstanding past performance as Vice President of ASG Investments" [Complaint ¶ 147], and that KPG Investments breached a contract "to pay an 'Incentive Award' in the amount of $2.5 million to Ms. Sonn, as compensation for her outstanding performance as Vice President of KPG Investments." Complaint ¶ 155. Sonn's intentional interference claim cannot survive dismissal because these are not valid contracts.

**Past Benefit is Not Adequate Consideration:** Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration. May v. Anderson, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "A benefit conferred … in the past is not adequate consideration for a present bargain." Clark Cnty. v. Bonanza No. 1, 96 Nev. 643, 650, 615 P.2d 939, 943 (1980). The entire basis for Sonn's claim for additional compensation is "in recognition of her past performance." Complaint ¶¶ 110, 116, 117, and 147. It is well-established and fundamental contract law that past consideration is not consideration. Clark Cnty., supra. Thus, even accepting all factual allegations in Sonn's Complaint as true, Sonn does not have a valid and enforceable contract to receive a post hoc bonus from ASG Investments or KPG Investments. Therefore, neither Minerva nor Leberman can be held liable for "tortious interference" with such unenforceable contracts as a matter of law.

**ASG Investments Terminated the Employment on Advice of Counsel:** Sonn's Complaint alleges that ASG Investments and its principal acted on the advice of legal counsel in terminating Sonn's employment and acting upon Sonn's request for deferred compensation. Complaint ¶ 110. That allegation conclusively defeats the claim that Minerva or Leberman tortiously interfered with Sonn's contract.

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-10-

1    **KPG Investments Terminated the Employment on Advice of Counsel:**  Sonn's Complaint
2    alleges that KPG Investments and its principal consulted with legal counsel, Jennifer Brown,
3    regarding the 'incentive agreement" and that the letter of termination of employment followed
4    promptly thereafter. *Complaint* ¶¶ 126, 127.  Here again, the allegation of consultation with counsel,
5    right before issuance of the letter of termination, conclusively defeats the claim that Minerva or
6    Leberman tortiously interfered with Sonn's contract.

7    Sonn's Count 7 against Minerva and Leberman has no foundation in fact or law.  Even
8    accepting all factual allegations in Sonn's *Complaint* as true, Sonn fails to state a claim upon which
9    relief can be granted against Minerva or Leberman.  Count 7 should be dismissed.

10   **V.   CONCLUSION**

11   The entirety of Sonn's claims in this action simply have no basis in Nevada law.   No
12   employee, including Sonn, is entitled to a post-termination bonus "in recognition of her past
13   performance."   Sonn negotiated payment terms during her employment and received all
14   compensation she was due.  Sonn's claims against Minerva and Leberman cannot survive dismissal
15   and cannot be cured.  Minerva and Leberman should be dismissed from this action.

16   The Motion should be granted.

17   DATED this _8_ day of February, 2023.

18                                             GUNDERSON LAW FIRM

21                                             Mark H. Gunderson, Esq.
22                                             Nevada State Bar No. 2134
                                               Austin K. Sweet, Esq.
23                                             Nevada State Bar No. 11725
                                               *Attorneys for Minerva Office Management,*
24                                             *Inc. and Robert L. Leberman*

28

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-11-

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the ___ day of February, 2023, I electronically filed the **MINERVA AND LEBERMAN'S MOTION TO DISMISS** and a copy will be electronically mailed by the United States District Court-District of Nevada through CM/ECF to the following:

Leigh T. Goddard, Esq.
MCDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
P.O. Box 2670
Reno, NV 89501
lgoddard@mcdonaldcarano.com
wcornelius@mcdonaldcarano.com
*Attorneys for KPG Investments, Inc.*
*and Kendalle Getty*

Daniel I. Aquino, Esq.
Tara U. Teegarden, Esq.
MCDONALD CARANO LLP
2300 W. Sahara Avenue. Suite 1200
Las Vegas, NV 89102
daquino@mcdonaldcarano.com
ksurowiec@mcdonaldcarano.com
mcarter@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com
cgerard@mcdonaldcarano.com
*Attorneys for KPG Investments, Inc.*
*and Kendalle Getty*

Alice Campos Mercado, Esq.
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Suite 300
Reno, Nevada 89509
acm@lge.net
margien@lge.net
*Attorney for Alexandra Sarah Getty*
*and ASG Investments, Inc.*

Agatha M. Cole, Esq.
POLLOCK COHEN LLP
60 Broad Street, 24th Floor
New York, NY 10004
agatha@pollockcohen.com
*Attorney for Marlena Sonn*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-12-

1   Roger W. Wenthe, Esq.
2   ROGER WENTHE, PLLC
    2831 St. Rose Pkwy., Suite 200
3   Henderson, NV 89052
    roger.wenthe@gmail.com
4   *Attorney for Marlena Sonn*

5
    Adam Pollock
6   Pollock Cohen LLP
    111 Broadway, Suite 1804
7   New York, NY 10006
    *Attorney for Marlena Sonn*
8

9   David Slarskey, Esq.
    SLARSKEY LLC
10  800 Third Ave., 18th Floor
    New York, NY 10022
11  dslarskey@slarskey.com
    *Attorney for Minerva Office Management, Inc.*
12  *and Robert L. Leberman*

13
    Ryan D. Derry, Esq.
14  PAUL HASTINGS LLP
    101 California Street, 48th Floor
15  San Francisco, CA 94111
    ryanderry@paulhastings.com,
16  alicebrown@paulhastings.com
    isabellahubert@paulhastings.com
17  *Attorney for Alexandra Sarah Getty*
    *and ASG Investments, Inc.*
18

19
20      Pursuant to FRCP 5(b), I further certify that I am an employee of the law office of

21  GUNDERSON LAW FIRM, and on the ____ day of February, 2023, I deposited for mailing in

22  Reno, Nevada a true and correct copy of the foregoing **MINERVA AND LEBERMAN'S MOTION**

23  **TO DISMISS**, to the following:

24
25      Lisa E. Cleary, Esq.
        PATTERSON, BELKNAP, WEBB & TYLER LLP
26      1133 Avenue of Americas
        New York, NY 10036
27      *Attorneys for KPG Investments, Inc.*
        *and Kendalle Getty*
28

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-13-

1

2

Matthew S. Aibel. Esq.
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
*Attorney for Alexandra Sarah Getty*
*and ASG Investments, Inc*

3

4

5

6

7

8

Max E. Rodriguez, Esq.
POLLOCK COHEN LLP
60 Broad Street, 24th Floor
New York, NY 10004
Max@PollockCohen.com
*Attorney for Marlena Sonn*

9

10

_____

Kelly Gunderson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-14-