1  LEMONS, GRUNDY & EISENBERG
   ALICE CAMPOS MERCADO
2  Nevada State Bar No. 4555
   6005 Plumas Street, Third Floor
3  Reno, Nevada 89519
   Phone:  (775) 786-6868
4  Facsimile:  (775) 786-9716
   acm@lge.net
5
   PAUL HASTINGS LLP
6  RYAN D. DERRY, *PRO HAC VICE*
   101 California Street, 48th Floor
7  San Francisco, California 94111
   Phone:  (775) 856-7000
8  Facsimile:  (415) 856-7100
   ryanderry@paulhastings.com
9
   Attorneys for Defendants
10 ALEXANDRA SARAH GETTY and
   ASG INVESTMENTS, INC.
11
12              **UNITED STATES DISTRICT COURT**
13                  **DISTRICT OF NEVADA**
14
15 KPG INVESTMENTS, INC., et al.,         Case No. 3:22-CV-00236-ART-CLB
                                          c/w Case No. 3:22-CV-00323 ART-CLB
16              Plaintiff,
17      vs.
18 MARLENA SONN, et al.,                  **DEFENDANTS ALEXANDRA SARAH
                                          GETTY AND ASG INVESTMENTS,
19              Defendant.                INC.'S REPLY IN SUPPORT OF MOTION
                                          FOR LEAVE TO FILE UNDER SEAL
20                                        EXHIBITS TO REQUEST FOR JUDICIAL
                                          NOTICE IN SUPPORT OF MOTION TO
21                                        DISMISS**
22
23
24
25
26
27
28

ALEXANDRA SARAH GETTY AND ASG INVESTMENTS, INC.'S REPLY ISO
MOTION FOR LEAVE TO FILE UNDER SEAL

1  Defendants Alexandra Sarah Getty ("ASG") and ASG Investments, Inc. ("ASG

2  Investments") (collectively "ASG Defendants"), by and through their counsel of record, submit

3  this Reply to Plaintiff Marlena Sonn's Opposition to Defendants Alexandra Sarah Getty and ASG

4  Investments, Inc.'s Motion to File Under Seal Exhibits to ASG Defendants' Request for Judicial

5  Notice. ECF No. 63.

6  This Reply is based on the following memorandum of points and authorities, the Court's

7  record of this action; and all other matters of which the Court may take notice.

8  ## MEMORANDUM OF POINTS AND AUTHORITIES

9  In her Opposition to Defendants Alexandra Sarah Getty and ASG Investments, Inc.'s

10 Motion To File Under Seal Exhibits to ASG Defendants' Request for Judicial Notice (ECF No.

11 42), Sonn asserts that the Exhibits (which consist of ASG Defendants' confidential employment

12 documents and email communications) should not be sealed because (i) certain information

13 within them is already public; (ii) the Exhibits' confidentiality provisions do not warrant sealing;

14 and (iii) ASG has not identified specific facts showing concrete harm to its interests if the

15 documents were publicly disclosed.  *See generally* ECF No. 63.  Each of Sonn's assertions should

16 be rejected.

17

18 **A.      ASG Investments' Confidential Employment Documents and Email Communications Have Not Been Released Publicly.**

19 Sonn does not assert, nor could she, that the Exhibits have been publicly disclosed in their

20 entirety.  Rather, Sonn incorrectly asserts that the Exhibits should not be sealed because her

21 pleadings "have already informed the public of the existence and material terms of these

22 documents."  *See* ECF No. 63 at 3:21-22.[1]

23 Sonn offers no support for her position that her improper disclosure of *portions* of

24 confidential documents justifies and permits the broad disclosure of even more confidential

25 portions of such documents, *which have not been publicly disclosed*. Indeed, Sonn's cited

26 authority is inapposite. *Victory Sports & Entertainment, LLC v. Pedraza*, 2:19-cv-826-APG-NJK,

27

28 ------

[1] To avoid confusion, any page references are to the docket's ECF pagination at the top of each page, rather than any pagination applied within a document.

ALEXANDRA SARAH GETTY AND ASG INVESTMENTS, INC.'S REPLY ISO
MOTION FOR LEAVE TO FILE UNDER SEAL

1   2019 WL 2578767 (D. Nev. June 24, 2019), concerned a motion to retroactively seal a complaint

2   that had been filed *in its entirety* on the public docket, *for weeks*.

3      As set forth in ASG Defendants' Motion to Seal, the Exhibits at issue consist of

4   documents that are confidential in nature, and/or contain confidential information regarding the

5   corporate structure, finances, and business strategies of ASG Investments, Inc. ("ASG

6   Investments") and/or the Pleiades Trust *beyond that which Sonn has already disclosed.* ECF No.

7   42 at 3:13-16.  Sonn's (improper) disclosure of select portions of the confidential Exhibits, such

8   as the amount of compensation called for in her Employment Agreement (*see* ECF No. 63 at 3:23

9   – 4:11), does not justify the disclosure of further confidential information.

10

11       **B.**  **Compelling Reasons Exist to Preserve The Confidentiality of ASG Investments' Confidential Employment Documents and Emails.**

12      *First*, Sonn's argument that a confidentiality clause alone is insufficient to justify sealing

13   (ECF No. 63 at 7:21) is misplaced.  As set forth in ASG Defendants' Motion to Seal, in addition

14   to explicit confidentiality provisions, the Exhibits contain confidential information regarding the

15   corporate structure, finances, and business strategies of ASG Investments and the Pleiades Trust.

16   *See* ECF No. 42 at 3:13-16.

17      *Second*, to the extent Sonn argues ASG Defendants' Motion to Seal "provide[s] only

18   conclusory statements" (ECF No. 63 at 8:20), Sonn is mistaken.  ASG Defendants specifically

19   explain how preserving the confidentiality of sensitive business and financial information related

20   to ASG Investments and the Pleiades Trust is critical, given Sonn's history of maliciously

21   breaching her confidentiality obligations to the detriment of ASG Defendants, including by

22   attempting to use the press and broadly disclosing sensitive confidential information to a reporter

23   at *The New Yorker Magazine*.  *See* ECF No. 42 at 3:4-12.

24      ASG Defendants have adequately shown "compelling reasons" sufficient to justify sealing

25   the Exhibits.  *See* ECF No. 42 at 2; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-

26   79 (9th Cir. 2006).

27   ///

28

ALEXANDRA SARAH GETTY AND ASG INVESTMENTS, INC.'S REPLY ISO
MOTION FOR LEAVE TO FILE UNDER SEAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For all the of the foregoing reasons and as set forth in the moving papers, ASG

Defendants respectfully request that the Court issue an order permitting the filing of Exhibits A –

C to ASG Defendants' Request For Judicial Notice (ECF No. 45) under seal.

DATED:  March 22, 2023

PAUL HASTINGS LLP
in association with
LEMONS, GRUNDY & EISENBERG

By:  */s/ Ryan D. Derry*
RYAN D. DERRY, *Pro Hac Vice*

Attorneys for Defendants,
ALEXANDRA SARAH GETTY and
ASG INVESTMENTS, INC.

-3-
ALEXANDRA SARAH GETTY AND ASG INVESTMENTS, INC.'S REPLY ISO
MOTION FOR LEAVE TO FILE UNDER SEAL

## CERTIFICATE OF SERVICE

I am a citizen of the United States. I am over the age of 18 years and not a party to the within action. On March 22, 2023, following the ordinary business practice, I electronically filed and served through the CM/ECF program the foregoing document to the addressee(s) listed below described as *Defendants Alexandra Sarah Getty and ASG Investments, Inc.'s Reply in Support of Motion for Leave to File Under Seal Exhibits to Request for Judicial Notice in Support of Motion to Dismiss*

   ✓     **BY MAIL**: in an envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Reno, Nevada to the following:

| | |
|---|---|
| Lisa E. Cleary | Max Ephraim Rodriguez |
| Patterson, Belknap, Webb & Tyler LLP | Pollock Coen LLP |
| 1133 Avenue of the Americas | 111 Broadway, Ste. 1804 |
| New York, NY 10036 | New York, NY 10006 |

Matthew Savage Aibel
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

   ✓     **BY ELECTRONIC SERVICE:** the court to electronically serve the following individual(s):

| | |
|---|---|
| Leigh T. Goddard (NV Bar 6315) | Roger W. Wenthe (NV Bar 8920) |
| Daniel I. Aquino (NV Bar 12682) | ROGER WENTHE, PLLC |
| Tara U. Teegarden | 2831 St. Rose Pkwy. # 200 |
| McDONALD CARANO LLP | Henderson, NV  89052 |
| 100 W. Liberty St., Tenth Floor | (702) 971-0541 |
| Reno, Nevada 89501 | roger.wenthe@gmail.com |
| (775) 788-2000 | *Attorney for Marlena Sonn* |
| lgoddard@mcdonaldcarano.com | |
| daquino@mcdonaldcarano.com | |
| tteegarden@mcdonaldcarano.com | |
| *Attorneys for Kendalle P. Getty and* | |
| *KPG Investments Inc.* | |
| | |
| Adam Pollock | David Slarskey |
| Agatha M. Cole | Slarskey LLC |
| POLLOCK COHEN LLP | 800 Third Ave., 18th Floor |
| 60 Broad Street, 24th Floor | New York, NY 10022 |
| New York, NY 10004 | dsarskey@slarskey.com |
| (646) 290-8261 | *Attorney for Minerva Office* |
| agatha@pollockcohen.com; | *Management, Inc. and Robert L.* |
| adam@pollockcohen.com | *Leberman* |
| *Attorney for Marlena Sonn* | |

ALEXANDRA SARAH GETTY AND ASG INVESTMENTS, INC.'S REPLY ISO
MOTION FOR LEAVE TO FILE UNDER SEAL

1
2
3
4
5
6
7

Mark H. Gunderson (NV Bar 2134)
Austin Kent Sweet (NV Bar 11725)
THE GUNDERSON LAW FIRM
3895 Warren Way
Reno, NV 89509
(775) 829-1222
mgunderson@gundersonlaw.com
asweet@gundersonlaw.com
*Attorneys for Minerva Office*
*Management, Inc. and Robert L.*
*Leberman*

8
9

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

10
11

                    */s/ Margie Nevin*
                    Margie Nevin

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-5-
ALEXANDRA SARAH GETTY AND ASG INVESTMENTS, INC.'S REPLY ISO
MOTION FOR LEAVE TO FILE UNDER SEAL