GUNDERSON LAW FIRM
Mark H. Gunderson, Esq.
Nevada State Bar No. 2134
mgunderson@gundersonlaw.com
Austin K. Sweet, Esq.
Nevada State Bar No. 11725
asweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
Facsimile: 775.829.1226
*Attorneys for Minerva Office Management, Inc. and Robert L. Leberman*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual,<br><br>    Plaintiffs,<br>v.<br><br>MARLENA SONN, an individual; AND DOES 1-20,<br><br>    Defendant.<br>_____/ | Case No.:<br>3:22-cv-00236-ART-CLB |
| MARLENA SONN,<br><br>    Plaintiff,<br>v.<br><br>KENDALLE P. GETTY, as Trustee of the Pleiades Trust and as an individual, KPG INVESTMENTS, INC., as Trustee of the Pleiades Trust, ALEXANDRA SARAH GETTY, as Trustee of the Pleiades Trust and as an individual, ASG INVESTMENTS, INC., as Trustee of the Pleiades Trust, MINERVA OFFICE MANAGEMENT, INC., and ROBERT L. LEBERMAN,<br><br>    Defendants.<br>_____/ | Consolidated with:<br>3:22-cv-00323-ART-CLB<br><br>**STIPULATION AND ORDER REGARDING PROTOCOL GOVERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION** |

KPG Investments Inc., Kendalle Getty, Alexandra Sarah Getty, ASG Investments, Inc., Minerva Office Management, Inc., Robert L. Leberman, and Marlena Sonn (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree that the production of Electronically Stored Information ("ESI") in the above-captioned action shall be governed by the following protocol.

I. **DEFINITIONS**

a. "Electronically Stored Information" or "ESI" means data existing in electronic form consistent with Federal Rule of Civil Procedure 34(a), including by way of example but not limited to (where relevant and not privileged) text messages, email, attachments to email, calendars, other electronic documents such as word processing documents, spreadsheets, electronic slide presentations, databases, social media messages, social media postings, and other reasonably accessible electronically stored information relevant to the subject matter of this case pursuant to FRCP 26(b)(1), stored in any medium from which information can be obtained either directly, or, if necessary, after translation by the responding party into a reasonably usable form.

b. "Documents" shall have the same definition as set forth in Federal Rule of Civil Procedure 34.

c. "Metadata" means: (i) information embedded in a Native Format file that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native Format file; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native Format file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system. Metadata is a subset of ESI.

d. "Native Format" means and refers to the format of ESI in the unprocessed "as kept in the ordinary course of business" electronic format of the application in which such ESI is normally created, viewed, and/or modified. In this Stipulation, the Native Format for emails refers to the individual EML or MSG files converted from the Personal Storage Table or "PST" file, and not the PST file itself.

e. "Load/Unitization File" means an electronic file containing information identifying a set of paper-scanned images or processed ESI and indicating where individual pages or files belong

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-2-

together as documents, including attachments, and where each document begins and ends. A Load/Unitization File will also contain data relevant to the individual Documents, including extracted and user created Metadata, as well as an OCR File or Extracted Text, should such data be available.

  f. "OCR File" means an optical character recognition file created by software used in conjunction with a scanner that is capable of reading text-based Documents and making such Documents searchable using appropriate software.

  g. "Extracted Text" means the text extracted from a Document, and includes all header, footer and document body information when available.

  h. "Media" means an object or device, including but not limited to a disc, tape, computer or other device, on which data is or was stored.

## II.  GENERAL PROVISIONS

  a. Except as specifically provided herein, nothing in this protocol shall operate to limit a Party's rights, obligations, and responsibilities under the Federal Rules of Civil Procedure and applicable decisional authority. Nor does anything herein limit rights or obligations to collect documents, whether ESI or otherwise, through "go-get" or non-custodial collection processes.

  b. The Parties each reserve the right to seek exceptions, amendments, or modifications to this Order from the Court.

  c. The Parties further reserve the right to modify any practice or procedure set forth herein by mutual agreement without order of the Court.

  d. The Parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this ESI Protocol.  If a producing party, notwithstanding its good faith efforts, cannot comply with any material aspect of this ESI Protocol, or if compliance with a material aspect of this ESI Protocol would be unreasonable, then within a reasonable time before the date of production or within a reasonable time after discovery of the inability or infeasibility of compliance, such producing party shall inform the requesting party in writing as to why compliance with the ESI Protocol is impossible or unreasonable.  No party may seek relief from the Court concerning compliance with this ESI Protocol unless it has conferred (or made reasonable, good faith efforts to

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-3-

confer) with other affected Parties and followed the appropriate procedures for discovery disputes set forth in the Federal Rules of Civil Procedure and the Local Rules.

      e.     Nothing in this ESI Protocol shall be interpreted to require disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of any Documents. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of Documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Within two weeks of submitting this proposed ESI protocol, the parties will submit a separate privilege log protocol (whether joint or competing) or advise the Court that none is needed.

**III.**    **SEARCH PROTOCOL FOR ELECTRONIC DOCUMENTS**

The Parties agree that they will cooperate with the express objective of reaching agreement on a mutually agreeable methodology for search of ESI.

**IV.**    **CUSTODIAN AND SEARCH TERMS**

The Parties shall meet and confer to identify reasonable and mutually agreeable custodians and search terms where practical for collection, review, and production of responsive ESI. However, the Parties agree that simply because a document is captured by application of any agreed-upon search term does not mean that such document is necessarily responsive to any propounded discovery request or is otherwise relevant to this litigation or any required disclosure. Such determinations shall be made by the producing Party.

**V.**    **GENERAL PRODUCTION FORMATION**

      a.     Document Image Format. With the exception of (i) structured data discussed in Section 6.w., and (ii) prior production sets discussed in Section 6.x. below or unless otherwise agreed to in writing by a requesting party, at the cost of the producing party, non-reimbursable and non-taxable pursuant to 28 U.S.C.§ 1920 or any other cost-recovery provision, ESI must be produced electronically as a single-page black and white TIFF image where the original document was in black and white.

///

b. In addition, the producing party will honor reasonable requests made in good faith for either the production of an original document for inspection and copying or production of a color image of a document whose original was in color, provided, however, that, if a producing party has (a) reasonably notified a requesting party in writing that it objects on grounds of undue burden to production of certain documents, (b) reasonably identified the basis and scope of its claim of undue burden, and (c) reasonably identified the need to convert such documents to TIFF format and the costs that such conversion would entail as aspects of the undue burden asserted, then the producing party will not be precluded from seeking an agreement or court order that such costs should in whole or in part be shifted to, reimbursed by, or taxed against the requesting party; and further provided that no party shall be precluded from seeking recovery or taxation of costs for conversion to TIFF format of documents that the party can establish could not reasonably be produced as an initial matter in their Native Data Formats. Nothing in this Section or the remainder of this protocol precludes the requesting party from opposing any applications for shifting of costs.

- When processing ESI for review and for production in TIFF format, the producing party will instruct its vendor to force off Auto Date and force on hidden columns or rows, hidden worksheets, speaker notes, track changes, and comments. All ESI should be processed with all hidden text (e.g., track changes, hidden columns, comments, markups, notes, etc.) expanded, extracted, and rendered in the TIFF file, to the extent feasible. If a file cannot be expanded, the native file shall be produced with the image file. This does not apply to Documents produced only in Native Data Format pursuant to Paragraph 6.c. below.

-

- The Parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

- If a document is redacted, the Extracted Text shall not be delivered for that document but rather an OCR File will be delivered based on the redacted images to the extent reasonably feasible.

///

- If a document is withheld or redacted on the grounds of attorney-client privilege, work product protection, or other privilege, the document shall be listed on a privilege log along with the information required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii). The Parties will submit a separate proposal for a privilege log protocol, or advise that none is needed, *see* supra General Provisions.

- When the Parties produce replacement and/or updated documents bearing the same Bates numbers as documents previously produced, they will produce such documents in their original volume, using the same pathing, so as to facilitate updating.

c. Native Data Format. Spreadsheets, power point presentations, and desktop database files (such as Microsoft Access), multimedia audio/ video files (e.g., .wav, mpeg, .avi), and comparable ESI that cannot render TIFF images or for which rendering TIFF images is unduly burdensome will be produced in Native Data Format. A single-page slip sheet placeholder with the phrase "File Produced Natively" branded in the center of the page must be produced in TIFF format to facilitate database referencing and Bates and confidentiality stamping. Such duplicate first page or slip sheet placeholder will be endorsed as defined in Section 6.o. below. The associated Load/Unitization File shall include a link to the native item.

d. If production in Native Data Format is necessary to decipher the meaning, context, or content of a document produced in TIFF, the producing party will honor reasonable requests made in good faith for either the production of the original document for inspection and copying or production of the document in native format within ten (10) business days. Documents that would otherwise be produced in a Native Data Format, but that require redactions will be produced as TIFF images with the relevant portions redacted, or if a TIFF image production is not practicable (e.g., the file is a video or very large spreadsheet), as a copy of the native file with the relevant portions replaced with "[REDACTED]" or a similar mark, preserving the original. Then, the Extracted Text shall not be delivered for that document, but rather an OCR File of a TIFF image that has been redacted will be delivered to the extent reasonably feasible. If modification of a native file is required for redaction purposes, metadata information associated with that file should remain unchanged unless it also requires redaction. If a native file is redacted on the grounds of attorney-client privilege, work

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-6-

product, or other privilege, the redaction shall be listed on a privilege log along with the information required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

e. Production of Physical Documents. Documents which either were originally generated as or converted into ESI but now only exist in physical hard-copy format, or Documents which were originally generated in hard-copy format, shall be subject to OCR and converted to single page image files (BLACK AND WHITE TIFF or Color JPEG/PDF) and produced following the same protocols set forth herein or otherwise agreed to by the Parties.

f. All such documents will be produced with a Load/Unitization File including Document-level text files as outlined in Section 6.g. below. A Metadata field will be provided for each such Document that will identify that Document as originating in physical format (i.e., "hard copy"), or if the Metadata was collected prior to production in this case, the production cover letter shall note the Bates ranges of Documents that were originally in hard copy.

g. Document Unitization. For Documents produced as either BLACK AND WHITE TIFF or Color JPEG images, each page of such Document shall be electronically saved as an image file. If a Document consists of more than one page, whether maintained as ESI or in physical format, the unitization of the Document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image files. In the case of Documents with affixed notes, and at the request of the receiving party, the parties agree to meet and confer. For Documents with affixed notes which are reproduced without the note, the entire document shall be reproduced and not just a portion thereof.

h. The producing party shall produce a Load/Unitization File for all produced Documents in accordance with the following formatting:

OCR and Extracted Text Files (.TXT Files): ESI shall be produced with multi-page searchable Extracted Text. For ESI from which text cannot be extracted, an OCR File will be produced instead. Any such Extracted Text or OCR File will be produced on a Document level in the following format:

- Produce a single text file per Document containing all the Document's pages

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-7-

- Filenames must be matched Bates number in this form:

&lt;Bates num&gt;.txt

Where &lt;Bates num&gt; is the BATES number of the first page in the document.

- Text must be encoded in UTF-8.
- Text files will be located in a directory named "TEXT" that is separate from the TIFF image.

Image Files:

- Single page per image
- Black and White Group IV TIFF and Color JPEG/PDF are the default FORMATS
- Filenames for images must be matched bates number in this form:

&lt;Bates num&gt;.&lt;ext&gt;

Where &lt;Bates num&gt; is the BATES number of the page, and &lt;ext&gt; is the appropriate extension for the image format (.jpg, .tiff).

Load/Unitization Files:

- "Concordance Default" delimited text file utilizing the following characters:

The "column" delimiter is "¶" (020)

The "quote" delimiter is "þ" (254)

The "new line" delimiter is "®" (174)

The "multi value" delimiter is ";" (059)

The "nested values" delimiter is "\" (092)

- First line must contain the column/field names (set forth in Paragraph 1(c) herein)
- Every row must have the same number of columns/fields (empty values are acceptable)
- Text must be encoded in UTF-8
- OPT OPTICON LOAD FILE with relative pathing to the image files

i. Before production, the Parties agree to produce a sample Load/Unitization File for review in accordance with the above formatting.

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-8-

j. Notwithstanding the foregoing, the Parties agree to further meet and confer, as necessary, in advance of any production of Documents, and in consultation with their respective vendors, to confirm all Load/Unitization File specifications.

k. Deduplication. Each party will globally de-duplicate ESI at the family level wherever possible and appropriate, including, without limitation, duplicate e-mail, to reduce unnecessary cost of reviewing and producing exact duplicate documents. The identity of other custodians of de-duplicated items must be listed in the "All Custodians" field of the copy of the record that is produced. If productions are made on a rolling basis, an overlay file shall be produced updating any appropriate fields for previously produced documents (e.g., "All Custodians," "All Path," etc.). Family groups shall be maintained at all times. For example, a duplicative attachment should be produced twice if attached to unique emails.

l. To the extent that exact duplicate Documents (based on MD5 or SHA-1 hash values) reside within the ESI data set, any party is required to produce only a single copy of a responsive Document ("Single Production Copy"). De-duplication shall be done on exact duplicate documents using family level hash values derived from industry standard hashing algorithms, such as MD5 or SHA-1 algorithms (or a reasonably equivalent alternative).

m. For exact duplicate Documents, the producing party will produce the Metadata described in Section IV.S. herein for the Single Production Copy, as well as any such Metadata that differs for the duplicate Document(s). Where an exact duplicate Document has attachments, hash values must be identical for both the Document- plus-attachment (including associated Metadata) as well as for any attachment (including associated Metadata) standing alone. If not, any such family must be produced without deduplication of any family member. Similarly, the same criteria shall be applied to duplicate Documents that are attachments to a parent Document. In the event a document identified as a potential duplicate is an attachment to a parent document, hash values must be identical for the parent-plus- attachment for the Documents to be considered duplicate Documents. If not, any such family must be produced without deduplication of any family member. The Parties will produce updated Load Files providing new Metadata, if it becomes outdated with subsequent productions. When the parties produce replacement and/or updated Documents bearing the same Bates numbers

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-9-

as Documents previously produced in these actions, they will produce such Documents in their original volume, using the same pathing, so as to facilitate updating, and disclose in the transmittal cover letter that the production is a replacement production, the reason for the replacement, and the Bates range of files being replaced.

      n.     Email Threading. The parties shall not use email threading for production purposes.

      o.     Bates Numbering and Other Unique Identifiers. For files produced as Black and White Group IV TIFF and Color JPEG/PDF images, each page of a produced Document must have a legible, unique page identifier ("Bates number") electronically endorsed "burned" onto the TIFF image in such a manner that information from the source Document is not obliterated, concealed, or interfered with. There shall be no other legend or stamp placed on the Document image unless a Document qualifies for confidential treatment pursuant to the terms of the DCO entered by this Court in this litigation or has been redacted. In the case of Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Outside Counsel's Eyes-Only Information, as defined in the DCO, or redacted materials, a designation must be endorsed (or "burned") onto the Document's image at a location that does not obliterate or obscure any information from the source document. Any party producing ESI in Native Data Format under Section IV.C., shall produce a slip sheet in Black and White Group IV TIFF that is endorsed with the Bates number, any applicable confidentiality stamping, and the reference to the location of the native file. Documents in the same family must be sequentially Bates numbered.

      p.     Any party producing ESI for structured data as provided in Section 6.w. shall employ one of the following methods for purposes of identification: (1) the ESI shall be placed in a logical evidence container, e.g. a folder that is Bates numbered; or (2) the storage device (i.e., CD, USB, hard drive) containing such files shall be Bates numbered. For (1) and (2), a spreadsheet shall also be contemporaneously produced providing a Bates number and confidentiality designation, if any, corresponding to the hash value of the Document.

      q.     The Parties shall agree on a protocol for presenting native Documents in hard copy format (for example, at depositions, in filings, and at trial), including, if agreed upon, a protocol for burning a bates stamp on such hard copy renditions of native Documents.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-10-

r. Production Media. Documents shall be produced via sftp site, or such other readily accessible computer or electronic media as the Parties may hereafter agree upon (the "Production Media"). Each item of Production Media shall bear a label identifying: (1) the producing party and Production Media volume number, (2) the production date, (3) the Bates number range of the materials contained on such Production Media item, and (4) the type of material on the media (e.g., "Images," "OCR Text," "Native Files" etc.). Each item of Production Media shall be accompanied by a transmittal cover letter identifying the Production Volume Name of each item of Production Media included in the production and a list of the Bates ranges of the Documents contained in each item of Production Media, including identification of the Bates ranges of Documents that originated in physical/hard copy format, and whether the production includes structured data.

s. Metadata/ Production Data. The Parties agree that Metadata will be produced for all ESI, whether produced in Native Data Format or static image formats. The appropriate Load/Unitization File as detailed in Section IV.H. above will contain the Metadata fields listed below, associated with each electronic Document (or their equivalents), to the extent the fields exist as electronic Metadata associated with the original electronic Documents or are created as part of the electronic data discovery process if such is provided for under this protocol. The below list of fields does not create any obligation to create or manually code fields that are not automatically generated by the processing of the ESI, or that do not exist as part of the original Metadata of the Document (except as otherwise provided under this protocol); provided, however, the producing party must populate the SOURCE (file path) and CUSTODIAN fields for all produced ESI, as well as paper Documents converted to electronic form, regardless of whether these fields would be generated during typical processing of such Documents.

t. By producing Metadata, the producing party affirms that such Metadata came from its records, with the exception of the fields that must be manually populated as provided under this protocol.

u. Notwithstanding the foregoing, the Parties will meet and confer in good faith as necessary prior to the production of Documents, with technical experts as needed, to clarify or resolve any issues (e.g., definitions of Metadata fields, inconsistencies, and burden) concerning the

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-11-

production of Metadata.

v. **Attachments.** Email attachments must be consecutively produced as separate Documents mapped to their parent by the Document or Production number and shall be produced contemporaneously with, sequentially Bates numbered, and immediately following the parent email. Parent-child relationships (e.g., the association between e-mails and attachments) will be preserved through a GroupID or BeginAttach field, which should be populated with the same value across a family (parent and attachments).

w. **Structured Data.** To the extent a response to discovery requires production of structured data in a commercial or proprietary database format that can be produced in an already existing and reasonably available report form, the Parties may produce the information in such report form, consistent with the provisions of this Protocol. In lieu of producing the database, the Parties may meet and confer on the content and format of a data extraction from such structured data source. The Parties shall attempt to agree upon the sets of data or fields to be included and the format in which data extracted from the data source shall be produced, provided however, that the Parties agree that the format must be reasonably usable and exportable electronic file (e.g., Excel or CSV format). The producing party shall generate a sample report of such extracted data for review by the requesting party or counsel upon agreement of the Parties as to the fields to be produced and the format of production. The Parties agree that such data extraction and file production does not constitute the creation of a new Document. The Parties reserve all rights to object, including but not limited to objections for relevance, undue burden, and/or inaccessibility. If an existing report form is produced, the receiving party may ask for a re-production of Documents in compliance with this order (and/or with available additional metadata), where the existing report form renders the Document less usable or understandable. The parties agree to meet and confer, and, if necessary, present the dispute to the Special Master for resolution. Nothing in this paragraph shall be construed to diminish a party's preservation obligations with respect to a database containing relevant and responsive information nor shall any resulting reproduction (under this paragraph or otherwise) shift the costs of production from the producing party unless the parties explicitly so agree in writing.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-12-

  x. Prior Production. To the extent a response to discovery requires a party to provide Documents, or encompasses Documents previously produced, from a production set, such party will produce the Documents from the production set as they were produced in the prior litigation/investigation—except with the addition of Bates numbering and confidentiality designations specific to this litigation as described in Section 6.h.—with whatever Metadata fields were produced in that litigation. If, as in Section 6.w., such production renders the Documents less useable or understandable, the receiving party may request reproduction in accordance with the terms of this order and the parties agree to meet and confer about any such request and, if necessary, present the dispute to the Special Master.  Similarly, to the extent materials that were previously submitted as part of a production to any government agency are produced in response to discovery requests in this litigation, those Documents will be produced either in accordance with this protocol, or as they were produced to those entities—except with the addition of Bates numbering and confidentiality designations specific to this litigation as described in Section 6.h.—with whatever Metadata fields were produced in those submissions and no others. Notwithstanding this provision, the Parties retain the right to object to the production of Documents from prior litigation or investigations. Additionally, as in Section 6.w., the receiving party may ask for a re-production of Documents where the prior production form renders the Document less usable or understandable. The parties agree to meet and confer, and, if necessary, present the dispute to the Special Master for resolution.

## VI. OBJECTIONS TO ESI PRODUCTION

  a. For files produced as Black and White Group IV TIFF or Color JPEG/PDF images, Documents that present imaging or form production problems shall be promptly identified by the producing party and disclosed to the requesting party in advance or at the time of production; any such problems identified by the receiving party after production shall be promptly raised with the producing party. The producing party will take reasonable steps to resolve the problem. If it is not resolved within ten (10) business days, the Parties shall then meet and confer to attempt to resolve the problems.

  b. If any party objects to producing the requested ESI on the grounds that such information is not reasonably accessible because of undue burden or cost, or because production in

the requested format is asserted to be not reasonably accessible because of undue burden or cost, the party, at or before the time the production is due under the Federal Rules of Civil Procedure or the Case Management Order, shall describe the nature of the objection with reasonable particularity and indicate whether the producing party is willing to offer an alternative. The Parties will promptly meet and confer in an attempt to resolve the objections if necessary.

   c. If a producing party or its in-house or outside counsel learn that responsive ESI was lost, destroyed, or is no longer retrievable, the producing party shall explain where and when the ESI was last retrievable in its original format, and disclose the circumstances surrounding the change in status of that ESI, and whether any backup or copy of such original ESI exists, together with the location and the custodian thereof.

## VII. INADVERTENT PRODUCTION

The inadvertent production of any material constituting or containing attorney-client privileged information or work-product or constituting or containing information protected by applicable privacy laws or regulations, shall be governed by provisions contained in the Federal Rules of Civil Procedure and Local Civil Rules and/or any stipulation entered into by the Parties and So-Ordered by the Court. No Party shall be deemed to have waived its right to assert the attorney-client privilege and/or attorney work product privilege if privileged materials are inadvertently disclosed despite the Party's exercise of a reasonable standard of care with respect to the production of such materials. Upon discovery by any Party of the inadvertent disclosure of materials protected by privilege, that Party shall promptly notify the opposing counsel in writing of the disclosure, identify the document that contains such materials and immediately take steps to preclude further disclosure, pursuant to the Parties' Confidentiality Order. In such an event, the Party receiving the privileged materials produced will return or destroy all copies of the identified materials, confirm in

///

///

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-14-

writing that such materials have been returned or destroyed and treat the privileged materials as if they had been initially excluded from production, consistent with the Parties' obligations under the Confidentiality Order.

| | |
|---|---|
| DATED: April 7th, 2023<br>**GUNDERSON LAW FIRM** | DATED: April 7th, 2023<br>**MCDONALD CARANO LLP** |
| By: /s/ Mark H. Gunderson<br>Mark H. Gunderson, Esq.<br>Austin K. Sweet, Esq.<br>*Attorneys for Minerva Office Management, Inc. and Robert L. Leberman* | By: /s/ Leigh T. Goddard<br>Leigh T. Goddard, Esq.<br>Daniel I. Aquino, Esq.<br>Tara U. Teegarden, Esq.<br>*Attorneys for KPG Investments, Inc. and Kendalle Getty* |
| DATED: April 7th, 2023<br>**PAUL HASTINGS LLP** | DATED: April 7th, 2023<br>**LEMONS, GRUNDY & EISENBERG** |
| By: /s/ Ryan D Derry<br>Ryan D. Derry, Esq.<br>*Attorney for Alexandra Sarah Getty and ASG Investments, Inc.* | By: /s/ Alice Campos Mercado<br>Alice Campos Mercado, Esq.<br>*Attorney for Alexandra Sarah Getty and ASG Investments, Inc.* |

DATED: April 7th, 2023
 **ROGER WENTHE, PLLC**

By: /s/ Roger Wenthe
Roger Wenthe, Esq.

**POLLOCK COHEN LLP**

By: /s/ Adam Pollock
Adam Pollock, Esq. (*pro hac vice*)
Christopher Leung, Esq. (*pro hac vice*)
*Attorneys for Marlena Sonn*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** _____

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-15-

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the 7th day of April, 2023 I electronically filed the **STIPULATION AND ORDER REGARDING PROTOCOL GOVERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION,** and a copy will be electronically mailed by the United States District Court-District of Nevada through CM/ECF to the following:

Leigh T. Goddard, Esq.
MCDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
P.O. Box 2670
Reno, NV 89501
lgoddard@mcdonaldcarano.com
wcornelius@mcdonaldcarano.com
*Attorneys for KPG Investments, Inc.*
*and Kendalle Getty*

Daniel I. Aquino, Esq.
Tara U. Teegarden, Esq.
MCDONALD CARANO LLP
2300 W. Sahara Avenue. Suite 1200
Las Vegas, NV 89102
daquino@mcdonaldcarano.com
ksurowiec@mcdonaldcarano.com
mcarter@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com
cgerard@mcdonaldcarano.com
*Attorneys for KPG Investments, Inc.*
*and Kendalle Getty*

Alice Campos Mercado, Esq.
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Suite 300
Reno, Nevada 89509
acm@lge.net
margien@lge.net
*Attorney for Alexandra Sarah Getty*
*and ASG Investments, Inc.*

*CONTINUED ON NEXT PAGE*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

Roger W. Wenthe, Esq.
ROGER WENTHE, PLLC
2831 St. Rose Pkwy., Suite 200
Henderson, NV 89052
roger.wenthe@gmail.com
*Attorney for Marlena Sonn*

Adam Pollock
Pollock Cohen LLP
111 Broadway, Suite 1804
New York, NY 10006
*Attorney for Marlena Sonn*

Ryan D. Derry, Esq.
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
ryanderry@paulhastings.com,
alicebrown@paulhastings.com
isabellahubert@paulhastings.com
*Attorney for Alexandra Sarah Getty
and ASG Investments, Inc.*

Pursuant to FRCP 5(b), I further certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the 7th day of April, 2023, I deposited for mailing in Reno, Nevada a true and correct copy of the foregoing **STIPULATION AND ORDER REGARDING PROTOCOL GOVERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION,** to the following:

Christopher Leung
Pollock Cohen LLP
111 Broadway
Suite 1804
New York, NY 10006
*Attorney for Marlena Sonn*

Lisa E. Cleary, Esq.
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of Americas
New York, NY 10036
*Attorneys for KPG Investments, Inc.
and Kendalle Getty*

*CONTINUED ON NEXT PAGE*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-17-

Matthew S. Aibel. Esq.
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
*Attorney for Alexandra Sarah Getty
and ASG Investments, Inc*

Max E. Rodriguez, Esq.
POLLOCK COHEN LLP
60 Broad Street, 24th Floor
New York, NY 10004
Max@PollockCohen.com
*Attorney for Marlena Sonn*

             */s/ Cinnamon Konieczka*
             Cinnamon Konieczka

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-18-