UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KPG INVESTMENTS, INC., *et. al.,* | Case No. 3:22-CV-00236-ART-CLB |
| Plaintiff, | **ORDER DENYING PROPOSED STIPULATED PROTECTIVE ORDER** |
| v. | |
| MARLENA SONN, *et al.*, | [ECF No. 88] |
| Defendants. | |

The parties have submitted a proposed stipulated protective order in this case. (ECF No. 88.) This proposed order is insufficient in multiple respects. First, Section IV, paragraph (E), is inadequate to address the use of documents designated under the protective order for use in court filings. (ECF No. 88 at 6.) The provision only refers to the use of designated document at a "hearing or trial" but does not address use of a document as an exhibit to a motion. Moreover, the paragraph only vaguely mentions that the parties must comply with Rule IA 10-5 but does not make clear that the order must meet the standards set forth by the Ninth Circuit Court of Appeals. (*Id.*) Rather, in order for the Court to adopt the stipulated protective order, this provision must explicitly require the parties to follow the dictates of the District of Nevada's LR IA 10-5 and acknowledge the requirements the of the Ninth Circuit concerning the sealing of court records. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016).[1]

---

[1] To assist the parties, the below "sealing" paragraph has been utilized and approved by this Court in other cases:

> Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5.  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the

In addition, there is no jurisdictional limitation. Rather, there is simply a statement in Section VI, paragraph (B), the provisions will survive this case. (ECF No. 88 at 7.) However, the proposed order must include a provision that the Court will only retain jurisdiction over this order while the case is pending and that its jurisdiction will cease upon dismissal of the case.

For these reasons, the Court DENIES the proposed stipulated protective order. (ECF No. 88).  The parties have leave to submit a revised stipulated protective order that properly designates documents can be used as exhibits, comports with LR IA 10-5, the holdings in *Kamakana* and *Center for Auto Safety*, and includes a proper jurisdictional provision.

**IT IS SO ORDERED.**

**DATED** this 10th day of April, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).