GUNDERSON LAW FIRM
Mark H. Gunderson, Esq.
Nevada State Bar No. 2134
mgunderson@gundersonlaw.com
Austin K. Sweet, Esq.
Nevada State Bar No. 11725
asweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
Facsimile: 775.829.1226
*Attorneys for Minerva Office Management, Inc. and*
*Robert L. Leberman*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual, | Case No.:<br>3:22-cv-00236-ART-CLB |
| Plaintiffs, | |
| v. | |
| MARLENA SONN, an individual; AND DOES 1-20, | |
| Defendant. | |

| | |
|---|---|
| MARLENA SONN, | Consolidated with:<br>3:22-cv-00323-ART-CLB |
| Plaintiff, | |
| v. | |
| KENDALLE P. GETTY, as Trustee of the Pleiades Trust and as an individual, KPG INVESTMENTS, INC., as Trustee of the Pleiades Trust, ALEXANDRA SARAH GETTY, as Trustee of the Pleiades Trust and as an individual, ASG INVESTMENTS, INC., as Trustee of the Pleiades Trust, MINERVA OFFICE MANAGEMENT, INC., and ROBERT L. LEBERMAN, | **ORDER GRANTING STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-1-

KPG Investments Inc., Kendalle Getty, Alexandra Sarah Getty, ASG Investments, Inc., Minerva Office Management, Inc., Robert L. Leberman, and Marlena Sonn (collectively, the "Parties"), by and through their respective counsel of record, stipulate and agree that upon approval by this Court, that this protective order shall govern the handling and disclosure of all documents, testimony, or other information produced or given in this case that is designated as subject to this order and its terms.

## I.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.   Such information includes trade secrets, medical information, health information, employment information, commercial or financial information, including as to trusts, corporations, and individuals, or other information that may cause harm to the producing party or a non-party if publicly disclosed.

## II.   DESIGNATION OF PROTECTED INFORMATION

A.   Scope:  This Order governs the production and handling of any protected information in this action.   Any party or non-party who produces protected information in this action may designate it as "CONFIDENTIAL" consistent with the terms of this Order.   "**Designating Party**" means the party or non-party who so designates the protected information; "**Receiving Party**" means the party or non-party to whom such information was produced or disclosed.  Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action.  In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order.

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-2-

B.    <u>Application to Non-Parties</u>: Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>.

C.    <u>Timing and Provisional Protection</u>: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D.    <u>Manner of Designation</u>: Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" on each designated page of the document or electronic image.

## III.    CHALLENGES TO DESIGNATED INFORMATION

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. The Receiving Party must provide written notice of the challenge and the specific grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-3-

the propriety of the designation. If the objection cannot be resolved by agreement of counsel, the Designating Party must move the Court for an appropriate order regarding such designation. Failure to file a written motion seeking confidentiality protection on or before 30 days after the written objection to the confidentiality designation will result in the designated materials losing confidentiality protection. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

**IV.   LIMITED ACCESS/USE OF PROTECTED INFORMATION**

A.   <u>Restricted Use:</u> Information that is produced or exchanged in the course of this action and designated under this Order as "Confidential Information", below, may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order, as required by law or by order of the Court. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party, if allowed by law, prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential information in violation of the terms of this Order may subject the disclosing person or party to sanctions. Notwithstanding the above, a party is free to do whatever it desires with its own Confidential Information.

B.   <u>Access to "Confidential" Information</u>: The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1.   The Court, its personnel, and court reporters;

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-4-

2. Counsel of record for any party in this action and their employees, and litigation or discovery vendors, who assist counsel of record in this action and are informed of the duties hereunder;

3. The parties, including their employees, who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

4. Court reporters, videographers, and any other necessary persons for the purposes of depositions, so long as each such person has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

5. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

6. Other witnesses or persons with the Designating Party's consent or by court order.

C.    Review of Witness Acknowledgments:  At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession.  The Receiving Party must, within 5 business days of the demand, provide all such copies to the Designating Party making the demand.  Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts.  If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party.  However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

D.    Non-Waiver Effect of Designations:  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-5-

1  constitute a waiver of any party's claim or defense in this action or any other action or proceeding,

2  including but not limited to a claim or defense that any designated information is or is not confidential,

3  is or is not entitled to particular protection, or embodies or does not embody information protectable

4  by law.

5        E.     In-Court Use of Designated Information:  Unless otherwise permitted by statute, rule

6  or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous

7  motion for leave to file those documents under seal, and shall be filed consistent with the court's

8  electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement

9  among the parties, the party seeking to file a paper under seal bears the burden of overcoming the

10  presumption in favor of public access to papers filed in court. *Kamakana v. City and County of*

11  *Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d

12  1092, 1097 (9th Cir. 2016).

13        F.     Preservation of Objections to Discovery and Admissibility:  Nothing in this Order

14  shall be construed as a waiver by a party of any objections that may be raised as to the relevance

15  and/or discoverability of any documents or information in this action.  Additionally, nothing in this

16  Order shall be construed as a waiver by a party of any objections that may be raised as to the

17  admissibility at trial of any evidentiary materials.

18  **V.    CLAW-BACK REQUESTS**

19        A.     Failure to Make Designation: If, at any time, a party or non-party discovers that it

20  produced or disclosed protected information without designation, it may promptly notify the

21  Receiving Party and identify with particularity the information to be designated and the level of

22  designation (the "Claw-Back Notification").  The Receiving Party may then request substitute

23  production of the newly designated information.  Within 30 days of receiving the Claw-Back

24  Notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked

25  or, if substitute production has been requested, destroyed all unmarked copies that it received, made,

26  and/or distributed; and (2) if it was practicably unable to mark or destroy any information because

27  disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms

28  of this Order regarding that information, the Receiving Party must reasonably provide as much

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-6-

1  information as practicable to aid the Designating Party in protecting the information, consistently

2  with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

3      B.    Inadvertent Production of Privileged Information:  If, at any time, a party discovers

4  that it produced information that it reasonably believes is subject to protection under the

5  attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each

6  Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and

7  comply with Fed. R. Civ. P. 26(b)(5).  Whenever possible, the producing party must produce

8  substitute information that redacts the information subject to the claimed protection.  The Receiving

9  Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed

10  protection.

11      C.    Non-Waiver:  Any disclosure of any material subject to a claim of confidentiality or

12  privilege does not operate as a waiver of such claim if: (1) the disclosure is inadvertent; (2) the holder

13  of the privilege took reasonable steps to prevent disclosures; and (3) the holder promptly took

14  reasonable steps to rectify the error, including following the procedures outlined in this section.

15  **VI.  DURATION/CONTINUED RESTRICTIONS**

16      A.    Handling of Designated Information Upon Conclusion of Action:  Upon conclusion

17  of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any

18  party or person to whom the party shared or disclosed designated information in this action returns

19  or destroys all of its copies, regardless of the medium in which it was stored.  Within 60 days after

20  the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies)

21  must certify to each Designating Party that all designated information hereunder has been destroyed

22  by all parties and witnesses for whom that party is responsible.  No witness or party may retain

23  designated information that it received from any other party or non-party under this Order; only

24  counsel of record are the authorized agents who may retain one copy for their respective legal files,

25  consistent with any applicable ethical obligations, and who must also describe to the Designating

26  Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the

27  designated information so that it is not accessed, used, or disclosed inconsistently with the obligations

28  under this Order.  This provision does not apply to the Court or Court staff.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-7-

1   B.   <u>Continued Restrictions Under this Order</u>:  The restrictions on disclosure and use of

2   confidential information survive the conclusion of this action.

3   C.   <u>Jurisdiction</u>: The Court will only retain jurisdiction over this order while the case is

4   pending and its jurisdiction will cease upon dismissal of the case.

5   **IT IS SO STIPULATED**.

6   DATED:  April 12, 2023                    DATED:  April 11, 2023
7   **GUNDERSON LAW FIRM**                    **MCDONALD CARANO LLP**

8
9   By:   */s/ Mark Gunderson*                By:   */s/ Leigh Goddard*
    Mark H. Gunderson, Esq.                   Leigh T. Goddard, Esq.
10  Austin K. Sweet, Esq.                     Daniel I. Aquino, Esq.
    *Attorneys for Minerva Office Management,*  Tara U. Teegarden, Esq.
11  *Inc. and Robert L. Leberman*             *Attorneys for KPG Investments, Inc.  and*
                                              *Kendalle Getty*
12

13  DATED:  April 12, 2023                    DATED:  April 12, 2023
    **PAUL HASTINGS LLP**                     **LEMONS, GRUNDY & EISENBERG**
14

15  By:   */s/ Ryan Derry*                    By:   */s/ Alice Campos Mercado*
16  Ryan D. Derry, Esq.                       Alice Campos Mercado, Esq.
    *Attorney for Alexandra Sarah Getty*      *Attorney for Alexandra Sarah Getty*
17  *and ASG Investments, Inc.*               *and ASG Investments, Inc.*

18  DATED:  April 12, 2023
19   **ROGER WENTHE, PLLC**

20
21  By:   */s/ Roger Wenthe*
    Roger Wenthe, Esq.

22

23  **POLLOCK COHEN LLP**

24
25  By:   */s/ Adam Pollock*
    Adam Pollock, Esq. (*pro hac vice*)
26  Christopher Leung, Esq. (*pro hac vice*)
    *Attorneys for Marlena Sonn*
27

28

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-8-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

　　　**IT IS HEREBY ORDERED** that the Stipulated Protective Order is effective as of the date of this Order.

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** ____April 13, 2023_____

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-9-

**EXHIBIT A**

***KPG INVESTMENTS INC., v MARLENA SONN***

***Case No.: 3:22-cv-00236-ART-CLB***

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, the undersigned, declare under penalty of perjury that I have read and understand the Stipulated Protective Order in its entirety.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:   _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-10-

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to FRCP 5(b), I certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the 13th day of April, 2023 I electronically filed the **AMENDED [PROPOSED] STIPULATED PROTECTIVE ORDER,** and a copy will be electronically mailed by the United States District Court-District of Nevada through CM/ECF to the following:

Leigh T. Goddard, Esq.
MCDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
P.O. Box 2670
Reno, NV 89501
lgoddard@mcdonaldcarano.com
wcornelius@mcdonaldcarano.com
*Attorneys for KPG Investments, Inc.*
*and Kendalle Getty*

Daniel I. Aquino, Esq.
Tara U. Teegarden, Esq.
MCDONALD CARANO LLP
2300 W. Sahara Avenue. Suite 1200
Las Vegas, NV 89102
daquino@mcdonaldcarano.com
ksurowiec@mcdonaldcarano.com
mcarter@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com
cgerard@mcdonaldcarano.com
*Attorneys for KPG Investments, Inc.*
*and Kendalle Getty*

Alice Campos Mercado, Esq.
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Suite 300
Reno, Nevada 89509
acm@lge.net
margien@lge.net
*Attorney for Alexandra Sarah Getty*
*and ASG Investments, Inc.*

Roger W. Wenthe, Esq.
ROGER WENTHE, PLLC
2831 St. Rose Pkwy., Suite 200
Henderson, NV 89052
roger.wenthe@gmail.com
*Attorney for Marlena Sonn*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-11-

Adam Pollock
Pollock Cohen LLP
111 Broadway, Suite 1804
New York, NY 10006
*Attorney for Marlena Sonn*

Ryan D. Derry, Esq.
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
ryanderry@paulhastings.com,
alicebrown@paulhastings.com
isabellahubert@paulhastings.com
*Attorney for Alexandra Sarah Getty*
*and ASG Investments, Inc.*

Pursuant to FRCP 5(b), I further certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the 13th day of April, 2023, I deposited for mailing in Reno, Nevada a true and correct copy of the foregoing **AMENDED [PROPOSED] STIPULATED PROTECTIVE ORDER**, to the following:

Christopher Leung
Pollock Cohen LLP
111 Broadway
Suite 1804
New York, NY 10006
*Attorney for Marlena Sonn*

Lisa E. Cleary, Esq.
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of Americas
New York, NY 10036
*Attorneys for KPG Investments, Inc.*
*and Kendalle Getty*

Matthew S. Aibel, Esq.
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
*Attorney for Alexandra Sarah Getty*
*and ASG Investments, Inc.*

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-12-

1    Max E. Rodriguez, Esq.
2    POLLOCK COHEN LLP
      60 Broad Street, 24th Floor
3    New York, NY 10004
      Max@PollockCohen.com
4    *Attorney for Marlena Sonn*

                                         */s/ Kelly Gunderson*
                                         Kelly Gunderson

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-13-