UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KPG INVESTMENTS, INC., a Nevada corporation; KENDALLE GETTY, an individual,<br><br>  Plaintiffs,<br>  v.<br><br>MARLENA SONN, an individual; AND DOES 1-20,<br><br>  Defendant. | Case No.:<br>3:22-cv-00236-ART-CLB |
| MARLENA SONN,<br><br>  Plaintiff,<br>  v.<br><br>KENDALLE P. GETTY, as Trustee of the Pleiades Trust and as an individual, KPG INVESTMENTS, INC., as Trustee of the Pleiades Trust and as an individual, ASG INVESTMENTS, INC., as Trustee of the Pleiades Trust, MINERVA OFFICE MANAGEMENT, INC., and ROBERT L. LEBERMAN,<br><br>  Defendants. | Consolidated with:<br>3:22-cv-00323-ART-CLB<br><br>ORDER |

Before the Court are Defendants' Alexandra Sarah Getty ("Alexandra") and ASG Investments, Inc. ("ASG") (collectively, "ASG Defendants") Motion for Leave to File Under Seal (ECF No. 42), and Kendalle Getty ("Kendalle") and KPG Investments, Inc.'s ("KPG") (collectively, "KPG Parties")[1] Motion to Amend (ECF No. 46), Motion for Leave to File Under Seal (ECF No. 49), and Motion for Leave to File Supplement (ECF No. 58).[2]

---

[1] Kendalle Getty and KPG Investments, Inc. are both plaintiffs and defendants in the consolidated action.

[2] Also before the Court are: the KPG Parties' Motion to Dismiss, (ECF No. 47), and

1

## I. BACKGROUND

Sonn was formerly employed as KPG and ASG's Vice President.

On March 16, 2022, the KPG Parties filed a complaint against Sonn in Second Judicial District Court, Washoe County, Nevada entitled *KPG Investments, Inc. and Kendalle Getty v. Marlena Sonn*, Case No. CV22-000444 based on Sonn's alleged breaches of her fiduciary duties. (ECF No. 46 at 3).

On May 11, 2022, Sonn filed suit against the KPG Parties, ASG Defendants, Leberman, and Minerva Office Management in the U.S. District Court for the Eastern District of New York, entitled *Sonn v. Getty et al.*, Case No. 1:22-cv-02758-RPK-VMS asserting claims for breach of contract and retaliation. (ECF No. 46 at 3).

Thereafter, all parties stipulated to consolidate these cases before this Court into a single, consolidated action (the "Consolidated Action) and participate in a settlement conference scheduled for January 18, 2023. (ECF No. 16).

On January 16, 2023, an article was published in *The New Yorker Magazine* based on information Sonn allegedly provided to journalist Evan Osnos. *See* Evan Osnos, *The Getty Family's Trust Issues*, THE NEW YORKER MAGAZINE, Jan. 16, 2023, https://www.newyorker.com/magazine/2023/01/23/the-getty-familys-trust-issues.

On February 8, 2023, the KPG Parties moved to amend their complaint to include a new claim for breach of contract based on Sonn's alleged disclosures to Osnos. (ECF No. 46). The same day, the ASG Defendants and KPG Parties moved to seal various documents attached to their contemporaneously filed Motions to Dismiss. (ECF Nos. 42, 49).

On March 8, 2023, Sonn opposed both the Motion to Amend (ECF No. 65) and

---

Motion for Preliminary Injunction, (ECF No. 48); Defendants' Robert L. Leberman ("Leberman") and Minerva Office Management Inc. Motion to Dismiss (ECF No. 40); and ASG Defendants' Motion to Dismiss (ECF No. 41). The Court will address these motions in a separate order following a hearing at a time to be determined.

Motions to Seal (ECF Nos. 63, 67).

## II. LEGAL STANDARD

### A. Motions to Seal

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (citing historical tradition of access to judicial records). Therefore, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 at 1179 (9th Cir. 2006).

A party seeking to overcome this presumption must "'articulate[] compelling reasons supported by factual findings' . . . that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Id.* at 1178-79 (quotations omitted); *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). In evaluating the motion to seal under the compelling reasons[3] standard, the Court must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135).

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling,

---

[3] A different "good cause" standard applies to "private materials unearthed during discovery." *Pintos*, 605 F.3d at 678. That standard is not at issue here, as all of the documents in question were attached to dispositive motions.

without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety, v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the Court. *Id.* (quoting *Nixon*, 435 U.S. at 599).

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. . . . The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citations omitted). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180 (citing *Nixon*, 435 U.S. at 597).

"Any request to seal must also be 'narrowly tailored' to remove from the public sphere only material that warrants secrecy." *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040–41 (D. Nev. 2021) (citations omitted). "To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents." *Id.* (citations omitted).

**B. Motions to Amend**

Motions to amend are governed by Federal Rule of Civil Procedure 15, which provides that more than 21 days after a responsive pleading is served "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).

"Four factors are commonly used to determine the propriety of a motion for

leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "[I]n the normal course district courts should freely grant leave to amend when a viable case may be presented." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). But, "liberality in granting leave to amend is subject to several limitations" listed above. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

### III.     DISCUSSION

#### A. Motions to Seal

The ASG Defendants and KPG Parties (collectively, the "Getty Parties") seek leave to file six documents associated with various motions under seal. (ECF Nos. 42, 49). The ASG Defendants seek to seal an Employment Agreement between Sonn and ASG Investments, Inc., dated October 15, 2014 (ECF No. 43-2, Ex. A), an Incentive Reward Letter from ASG Investments, Inc. to Sonn, dated October 20, 2017 (ECF No. 43-2, Ex. B), and an Email Exchange (ECF No. 43-2, Ex. C). The KPG Parties seek to seal an Employment Agreement between Sonn and KPG Investments, Inc. dated November 1, 2015 (ECF No. 49-1, Ex. 1), and two Incentive Award Letters from KPG Investments, Inc. to Sonn, dated November 10, 2017, and March, 2021.[4] (ECF No. 49-1, Exs. 2-3).

The compelling reasons standard, rather than the "good cause" standard, applies here because the documents at issue in the two Motions to Seal (ECF Nos. 42, 49) were attached to the ASG Defendants' Motion to Dismiss (ECF No. 41) or the KPG Parties' Motion to Dismiss (ECF No. 47). Documents appended to a motion to dismiss or its opposition are subject to the compelling reasons

---

[4] The parties dispute the validity of the March 2021 Incentive Reward Letter. The Court makes no determination regarding the letter at this time.

1 standard for judicial documents attached to dispositive pleadings. *See Ctr. for Auto Safety*, 809 F.3d at 1098.

The Getty Parties argue that Incentive Reward Letters and Employment Agreements should be sealed because of the "highly confidential nature of the business information" contained therein. (ECF No. 49 at 6; *see also* ECF No. 42 at 3). The KPG Parties aver that they seek "to prevent the press and other third parties from accessing and disseminating copies of these confidential employment documents." (ECF No. 75 at 3).

In addition to arguments surrounding confidentiality, the KPG Parties argue that Sonn has effectively used the portions of the documents filed in her complaint in the Southern District of New York (Case No. 1:22-cv-02758) "to gratify her own private spite against Kendalle, promote public scandal, and release Kendalle and KPG's confidential information." (ECF No. 49 at 3-4). The KPG Parties' evidence for this is that Sonn "disclosed confidential information to reporter Evan Osnos in late 2022" which subsequently led to the publication of an article on the Getty Trust and attendant tax-related public policy questions in January 2023. (*Id.* at 4); *see* Evan Osnos, *The Getty Family's Trust Issues*, THE NEW YORKER MAGAZINE, Jan. 16, 2023, https://www.newyorker.com/magazine/2023/01/23/the-getty-familys-trust-issues.

Without determining the propriety of Sonn's inclusion of information in the relevant documents in her complaint or disclosures to Osnos with regard to her fiduciary and contractual obligations, a party's speaking to a reporter regarding a matter of public concern does not fall under the ambit of "gratifying private spite" or "promot[ing] public scandal" absent accusations of defamation. Here, there are no allegations that the release of the relevant documents would circulate libelous statements, or that the documents themselves contain trade secrets. The Getty Parties' argument that Sonn should not be able to benefit in the public eye

from her allegedly unauthorized disclosures of information in the relevant documents misstates the balancing test the Court is bound to perform. The Court is required to balance the *public's interest* in disclosure against the interests of the party who seeks to keep certain judicial records secret, where "the public is entitled to access by default" and the party seeking to seal records must advance compelling reasons to do so. *See Kamakana*, 447 F.3d at 1180; *Foltz*, 331 F.3d at 1135. Even if the unsealing of the relevant documents results in embarrassment to the Getty Parties, that is not enough to compel the court to seal its records. *See id.* at 1179; *Foltz*, 331 F.3d at 1136.

Furthermore, the fact that Sonn's complaint is in the public domain and relies significantly on the documents at issue—so much so that the ASG Defendants seek to incorporate the relevant documents into Sonn's complaint by reference (*See* ECF No. 43 at 1-5)—also cuts against the Getty Parties' Motions to Seal. (ECF Nos. 42, 49).

Finally, the Getty Parties' Motions to Seal offer insufficiently precise "compelling reasons" and state potential harm in vague terms. As noted, the mere fact that public availability of records may lead to "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (affirming district court's decision not to seal police records that might cast officers in a false light). The Getty Parties do not point to any specific facts, supported by affidavits or concrete examples, to show why any specific confidential information should remain under seal beyond the fact that the information was kept confidential by the Getty Parties. The documents in dispute in the Getty Parties' Motions (ECF Nos. 42, 49) do not involve outlandish, unsupported allegations for which public disclosure of the documents could cause a public scandal. Instead, the documents in dispute are contracts, letters relating to financial compensation, and emails relating to the core dispute in this action. The Getty Parties have not articulated how public

access to these documents will harm them, only that the documents are self-described as confidential and that Sonn has previously disclosed portions of the documents in her complaint.

For the foregoing reasons, the Getty Parties' Motions to Seal (ECF Nos. 42, 49) are DENIED. The KPG Parties and the ASG Defendants shall file versions of the documents at issue in their respective Motions to Seal redacting only physical and email addresses on the open docket within fourteen (14) days of the date of this order.

**B. Motion to Amend**

The KPG Parties move to amend their complaint to, among other things, add a claim for breach of contract based on Sonn's conversations with reporters at *The New Yorker* and the *Los Angeles Times*. (ECF No. 46-1 at 12-13; *see also* ECF No. 46 at 2).

Here, there is no evidence of bad faith or undue delay by the KPG Parties, and given the early procedural posture of the KPG Parties' Motion, no prejudice to Sonn. On the facts before the Court, denial of the KPG Parties' Motion for Leave to Amend is proper only if their proposed cause of action for breach of the November 1, 2015 Employment Agreement's confidentiality provision is futile.

Sonn argues that the proposed additional claim is invalid as a matter of law, and that amendment should therefore be denied on the basis of futility. (ECF No. 65 at 2). Specifically, Sonn argues that her filing of her complaint was protected completely by the litigation privilege, and that sharing the contents of her complaint with Evan Osnos from *The New Yorker* is protected by the fair-report privilege. (*Id.* at 2-4).

In response, the KPG Parties argue that, while the Nevada Supreme Court has "espoused a broad litigation privilege" protecting against liability from defamation, it has not yet ruled on whether or not the litigation privilege applies to claims based on breach of contractual confidentiality provisions. (ECF No. 73

at 6). The Nevada Supreme Court has recognized that "fair and accurate report[s] of a judicial proceeding . . . are absolutely privileged" in the defamation context. *Sahara Gaming Corp. v. Culinary Workers Union Loc. 226*, 115 Nev. 212, 984 P.2d 164, 168 (1999). The Court is not aware of any Nevada Supreme Court decision applying the litigation privilege in the present context—where the plaintiff is bringing claims not for defamation based on statements in judicial pleadings, but on the basis of a breach of contract. Therefore, the Court cannot conclude at this juncture that the KPG Parties' Motion for Leave to Amend is futile.

As such, the Court grants the KPG Parties' Motion for Leave to Amend (ECF No. 46) and Motion for Leave to File Supplement (ECF No. 58).

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Getty Parties' Motions to Seal (ECF Nos. 42, 49) are DENIED. The KPG Parties and the ASG Defendants shall file versions of the documents at issue in their respective Motions to Seal redacting only physical and email addresses on the open docket within fourteen (14) days of the date of this order.

It is further ordered that the KPG Parties' Motion for Leave to Amend (ECF No. 46) and Motion for Leave to File Supplement (ECF No. 58) are GRANTED. The KPG Parties shall file their first amended complaint on the docket within fourteen (14) days of the date of this order.

It is further ordered that, in light of the Court's granting of the KPG Parties' Motion for Leave to Amend, Sonn's Motion to Dismiss is DENIED without prejudice as moot with leave to refile. (ECF No. 39).

Finally, the Court notes that Sonn has suggested she will move to file an

amended complaint. (ECF No. 68 at 3 n.1). In the interests of judicial efficiency, the Court suggests Sonn so move such that the Court may consider updated briefing from all parties ahead of a hearing at a time to-be-determined on the various Motions to Dismiss and the KPG Parties' Motion for Preliminary Injunction. (ECF No. 48).

DATED THIS 28th day of June 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE