# EXHIBIT 1

# EXHIBIT 1

# EMPLOYMENT AGREEMENT

THIS AGREEMENT is made effective as of November 1, 2015, by and between **KPG INVESTMENTS INC.**, a Nevada corporation (hereinafter referred to as the "Corporation") and **MARLENA SONN** (hereinafter referred to as "Employee").

1. **EMPLOYMENT**

    1.1. Employment. The Corporation hereby employees Employee as Vice President, and Employee accepts such employment with the Corporation on the terms and conditions hereinafter set forth. Employee's start date shall be November 1, 2015.

    1.2. Scope of Duties. To the best of Employee's ability, Employee shall faithfully, honestly and efficiently perform the duties assigned in accordance with the policies of the Corporation, the instructions of the sole director of the Corporation, and the employment standards set forth below in Section 1.5.

    1.3. Performance of Duties. Employee shall devote reasonable business time and attention to the satisfactory performance and discharge of the duties and responsibilities hereunder. Employee shall perform all duties and responsibilities in the State or Nevada or in such other jurisdictions as directed by the Corporation. Employee is advised that the Corporation does not conduct business in the State of California.

    1.4. Other Employment. During the term of this Agreement, Employee may be employed by and work for other employers or contracting parties.

    1.5. Employment Standards. In the performance of Employee's duties under this Agreement, Employee shall adhere to such employment standards, ethical practices, and standards of care and competence as are customary for an employee holding a similar position as a vice president of a corporation serving as a trustee to a family trust.

2. **TERMINATION OF EMPLOYMENT**

    2.1. At-Will Employment. Employee's employment with the Corporation shall be at the sole discretion and pleasure of the Board of Directors of the Corporation. Such employment shall be "at-will" and may be terminated at any time with or without cause or reason and with or without notice at the option of either the sole director or the Employee. No provision of this Agreement shall be construed as conferring upon employee a right to continue as an Employee of the Corporation. This "at-will" status may not be altered without the express written agreement signed by the Employee and the sole director of the Corporation.

    2.2. Disability. If, by reason of any physical or mental incapacity, Employee has been or will be prevented from properly performing substantially all of Employee's duties under this Agreement for more than ninety (90) consecutive days in any 365-day period, then to the extent permitted by law the Corporation may terminate this Agreement. The Corporation shall pay Employee all compensation and benefits to which Employee is entitled through the last business day of the notice period; thereafter, except as provided elsewhere herein and under law, all obligations of the Corporation under this Agreement shall cease.

2.3. <u>Termination by Employee</u>. Employee may terminate this Agreement by giving the Corporation thirty (30) days' advance written notice. Upon termination, Employee shall be paid all wages and benefits through the date of termination, and thereafter, all obligations of the Corporation to Employee shall cease. Employee shall remain bound by specific obligations in this agreement after termination, as indicated in the applicable Sections of this Agreement.

3. **COMPENSATION**

3.1. <u>Base Salary</u>. As compensation for the services rendered by Employee under this Agreement, the Corporation shall pay Employee an annual salary of One Hundred Thousand Dollars ($100,000.00), payable in accordance with the Corporation's customary payroll practices. The amount of Employee's salary shall be reviewed annually and may be adjusted by payment of a bonus. The amount of the adjustment, if any, shall be in the sole and absolute discretion of the sole director of the Corporation. In any month in which Employee is employed for less than the entire number of days in such month, the compensation payable under this Section 3.1 shall be prorated on the basis of the number of days during which Employee was actually employed, divided by the number of days in such month.

3.2. <u>Participation in Benefit Plans</u>. Employee shall be entitled to participate in all employee benefit plans or programs of the Corporation on the same basis as are all other employees, whether now offered or offered at any time during the term of this Agreement, including any medical, dental, dependent coverage, disability, retirement, pension or 401(k) plans, and sick leave to the extent Employee is eligible therefore. The Corporation, in its sole and absolute discretion, may discontinue, reduce or otherwise change any benefit now or hereafter offered to its workforce.

3.3. <u>Withholdings and Deductions</u>. Employee's salary and all other compensation payable to Employee shall be subject to required payroll withholdings and deductions from such amounts for all federal, state and local income, FICA, unemployment compensation, disability and other similar taxes or assessments.

3.4. <u>Vacation</u>. Employee shall not be entitled to accrue any vacation days.

4. **REIMBURSEMENT OF BUSINESS EXPENSES**. Necessary travel and miscellaneous business expenses reasonably incurred by Employee on behalf of the Corporation shall be paid or reimbursed subject to such rules, regulations and policies established from time to time by the Corporation or as may be required by applicable federal, state or local tax laws, rules or regulations.

5. **RIGHTS AND OBLIGATIONS UPON TERMINATION**. Employee acknowledges and agrees that all written materials, records and documents made by Employee or coming into Employee's possession during the employment with the Corporation and concerning the business or affairs of the Corporation and all other Confidential Information (all, collectively, the "Company Information") shall be the sole property of the Corporation. Upon termination of employment with the Corporation for any reason whatsoever, Employee shall promptly return to the Corporation all the Company Information without making or retaining copies thereof.

6. **CONFIDENTIALITY**. Employee acknowledges the Corporation's right and title to all proprietary materials which constitutes all materials used in the Corporation's business, including financial information and reports relating to any trust for which the Corporation may serve as trustee, and agrees not to disclose any such material to any third party except in the course of the duties of

2

Employee on behalf of the Corporation or as may be required by court order or lawful subpoena, after reasonable notice to the Corporation.

7. **SURVIVAL OF RIGHTS**. The termination of the Agreement for any reason whatsoever shall not relieve a party from any liability, obligation or agreement which, pursuant to any provision of this Agreement, is to survive or is required to be performed after such termination.

8. **AMENDMENT AND/OR MODIFICATION**. Neither this Agreement nor any term or provision hereof may be changed, waived, discharged, amended, or modified orally or in any manner other than by an instrument in writing signed by all of the parties hereto.

9. **BINDING EFFECT**. Subject to provisions hereof regarding assignment, if any, this Agreement shall be binding upon and inure to the benefit of the respective parties and their legal representatives, successors, assigns and heirs.

10. **COSTS AND ATTORNEYS' FEES**. In any legal action, arbitration or other proceeding related to or arising out of this Agreement, the prevailing party or parties shall be entitled to recover from the other party reasonable attorneys' fees and costs incurred.

11. **NOTICES**. All notices, requests, demands, waivers, consents, approvals or other communications required or permitted hereunder shall be in writing and shall be deemed immediately effective when, (i) delivered personally, (ii) sent by a nationally recognized same day or overnight courier service, (iii) sent by certified United States mail with first class postage prepaid and return receipt requested, or (iv) sent by equipment which transmits as facsimile with a printed confirmation page showing receipt of all pages. In each case, the notice or other communication shall be addressed to the affected party or parties at the addresses set forth in this Agreement, or to such other addresses as the parties may hereafter designate in writing.

12. **ENTIRE AGREEMENT**. This Agreement (and any attached Exhibits) contains the entire agreement and understanding of the parties with respect to the entire subject matter hereof, and there are no representations, inducements, promises or agreements, oral or otherwise, not embodied herein. Any and all prior discussions, negotiations, commitments and understandings relating thereto are merged herein. There are no conditions precedent to the effectiveness of this Agreement other than as stated herein, and there are no related collateral agreements existing between the parties that are not referenced herein.

13. **WAIVER OF BREACH**. The failure of any party hereto to insist upon strict performance of any of the covenants and agreements contained herein, or to exercise any option or right herein conferred, in any one or more instances, shall not be construed to be a waiver or relinquishment of performance of any covenant or agreement, or of any such option or right, but the same shall be and remain in full force and effect.

14. **GOVERNING LAW**. This Agreement shall be governed by, construed and enforced in accordance with the internal laws of the State of Nevada without giving effect to principles or provisions thereof relating to conflict or choice of laws, irrespective of the fact that any one of the parties is now or may become a resident of a different state. Venue for any action under this Agreement shall lie in the Second Judicial District Court for Washoe County, Reno, Nevada.

IN WITNESS WHEREOF, the parties have executed this Agreement this 15th day of October, to be effective as of November 1, 2015.

**KPG INVESTMENTS INC.**

By: _____
Kendalle P. Getty, Sole Director

Address: _____

**EMPLOYEE**

_____
Name: Marlena Sonn

Address: _____