Leigh T. Goddard (NV Bar 6315)
Daniel I. Aquino (NV Bar No. 12682)
MCDONALD CARANO LLP
100 W. Liberty St. Tenth Floor
Reno, NV  89501
Telephone:  775-788-2000
lgoddard@mcdonaldcarano.com
daquino@mcdonaldcarano.com

*Attorneys for KPG Investments, Inc.
and Kendalle Getty*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual,<br><br>     Plaintiffs,<br><br>v.<br><br>MARLENA SONN, an individual; AND DOES 1-20,<br><br>     Defendant. | Case No.:<br>3:22-cv-00236-ART-CLB |
| MARLENA SONN,<br><br>     Plaintiff,<br><br>v.<br><br>KENDALLE P. GETTY, as Trustee of the Pleiades Trust and as an individual, KPG INVESTMENTS, INC., as Trustee of the Pleiades Trust, ALEXANDRA SARAH GETTY, as Trustee of the Pleiades Trust and as an individual, ASG INVESTMENTS, INC., as Trustee of the Pleiades Trust, MINERVA OFFICE MANAGEMENT, INC., and ROBERT L. LEBERMAN,<br><br>     Defendants. | Consolidated with:<br>3:22-cv-00323-ART-CLB<br><br><br>**UPDATED JOINT DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

1

KPG Investments Inc., Kendalle Getty, Alexandra Sarah Getty, ASG Investments, Inc., Minerva Office Management, Inc., Robert L. Leberman, and Marlena Sonn (collectively, the "Parties"), by and through their respective counsel of record, jointly certify that they conferred and submit their [Proposed] Joint Updated Stipulated Discovery Plan and Scheduling Order in accordance with Federal Rules of Civil Procedure, Rules 16 and 26(f) and Local Rule ("LR") 26-1.

## I. GENERAL STATEMENT AS TO PROPOSED UPDATED DISCOVERY PLAN

a. After participating in a mediation on August 28, 2023, the parties have been unable to reach a final resolution of this matter. The Parties have met and conferred, but were unable to agree to certain portions of the proposed discovery plan, and accordingly set forth their respective positions below where applicable.

b. The parties continue to anticipate discovery on all subjects related to this case. The Parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

c. There may be a need to take depositions outside of Nevada, given the physical location of anticipated persons with knowledge. The Parties will meet and confer about the possibility of conducting this discovery through remote deposition methods as appropriate. To that end, the Parties previously agreed and filed the Stipulation Regarding Remote Depositions (Dkt. No. 86; Order at Dkt. 90).

d. The Parties previously agreed that all discovery requests and responses and any other discovery-related documents shall be served on counsel via electronic mail. Such electronic service is to be deemed effective on the date sent and shall not trigger any additional time to respond or otherwise act. To comply with LR 26-7, <u>originals</u> of responses to written discovery requests must also be served on the party who served the discovery requests, and that party must make the originals available at the pretrial hearing, at trial, or when ordered by the court. Notwithstanding anything stated herein to

the contrary, documents produced in response to Rule 34 Requests shall be produced electronically through an FTP site or its equivalent, or as otherwise agreed by the parties.

  e. The Parties agreed to the Stipulation and Order Regarding Protocol Governing Production of Electronically Stored Information, filed previously (Dkt. No. 91).

  f. The Parties previously agreed to the Amended [Proposed] Stipulated Protective Order (Dkt. No. 95; Order at Dkt. No. 96).

  g. KPG Investments Inc., Kendalle Getty, Alexandra Sarah Getty, ASG Investments, Inc., Minerva Office Management, Inc., Robert L. Leberman (the "Getty Parties") continue to believe that the limits on the number of depositions and the time limit for depositions is not feasible in this case given the number of parties, claims, and complex factual background, particularly for party-deponents. Marlena Sonn has disagreed as to this position, asserting this is a straight-forward breach of contract / retaliation action with a narrow set of issues and claims to resolve. The Parties will continue their meet and confer as to whether appropriate adjustments to the limits on the number of depositions and the time limits for certain depositions can be reached. The Parties reserve their right to seek relief from this Court if no stipulation can be reached.

  h. The Parties agree that this case does not warrant a departure from the presumptive limits on the number of interrogatories set forth in Federal Rules Of Civil Procedure, Rules 30 and 33. It is anticipated that depositions will be recorded by audiovisual or stenographic means, as appropriate and desired.

## II. PROPOSED UPDATED SCHEDULING ORDER

  a. **Discovery Cut-Off:**

    i. <u>The Getty Parties' Position</u>: This action was initially stayed until February 8, 2023, pursuant to the Parties' Joint Stipulation and Proposed Order to Consolidate Cases, Participate in Voluntary Settlement Conference, and Stay Action Pending Settlement Conference (Dkt. No. 13). The Parties engaged in a mediation on

August 28, 2023.  In light of an expectation that the Parties would be able to memorialize a settlement and resolution in this matter following that mediation, and, with the Court's approval, the Parties continued all deadlines in this matter from September 7, 2023 through February 23, 2024.  The Parties agreed to a further informal stay on serving additional discovery through March 8, 2024 (Dkt. Nos. 119, 125, 129, 135, and 139).  Accordingly, as no discovery has occurred since August 2023, the number of days required to complete discovery for this matter shall be 180 days.  Subject to a 180-day time period to complete discovery, discovery will close on **September 4, 2024**.

    ii.    <u>Sonn's Position</u>: The parties appeared in 2022. Neither party has answered but both filed motions to dismiss, addressed below. Sonn requests a discovery cut-off date of **March 8, 2025**, or 365 days from the date of this filing. Sonn so requests this date because there are many claims and counter claims here. There are multiple parties. In addition, Sonn requests this time because there will be numerous issues regarding confidential documents and confidentiality that will require meeting and conferring over such designations, as well as motions to seal or motions to remove confidentiality designations, including likely in deposition transcripts.  At this time, there is no outstanding or propounded discovery. The parties have responded to requests for production and other written discovery. Motions to compel may be filed.

b.    **Amending the Pleadings and Adding Parties:**

    i.    <u>The Getty Parties' Position</u>: The deadline for filing motions to amend the pleadings or to add parties shall be **June 6, 2024** (90 days before the close of discovery).

   ii. <u>Sonn's Position</u>: The deadline for filing motions to amend the pleadings or to add parties is **December 8, 2024** (90 days before close of discovery). Both sides filed motions to dismiss that were dismissed without prejudice by this Court in light of settlement negotiations. (ECF 122.)

 c. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

   i. <u>The Getty Parties' Position</u>:

    a. Initial Experts: July 5, 2024 (60 days before the close of discovery).

    b. Rebuttal Experts: August 5, 2024 (30 days after initial disclosures).

   ii. <u>Sonn's Position</u>:

    a. Initial experts: January 7, 2025 (60 days before close of discovery).

    b. Rebuttal experts: February 6, 2025 (30 days before close of discovery).

 d. **Dispositive Motions:**

   i. <u>The Getty Parties' Position</u>: The deadline for filing dispositive motions is **October 4, 2024** (30 days after close of discovery).

   ii. <u>Sonn's Position</u>: The deadline for filing dispositive motions will be **April 7, 2025**, 30 days after close of discovery.

 e. **Joint Pretrial Order:**

   i. <u>The Getty Parties' Position</u>: **November 4, 2024** (30 days after the dispositive-motion deadline).

   ii. <u>Sonn's Position</u>: **May 7, 2025** (30 days after the dispositive-motion deadline).

      iii.    The parties agree that if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

  f.  **Fed. R. Civ. P. 26(a)(3) Disclosures (Pretrial):** The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

## III. ALTERNATIVE DISPUTE RESOLUTION

The Parties have been unable to reach a resolution in this matter. The Parties participated in a Settlement Conference before Magistrate Judge Robert A. McQuaid, on January 18, 2023, at which a settlement was not reached. The Parties participated in a private mediation before Judge David Wall (Ret.), and have been unable to agree to the final terms of a settlement agreement to resolve this matter. The Parties will continue to consider the possibility of revisiting alternative dispute resolution methods as litigation proceeds.

## IV. TRIAL BY A MAGISTRATE JUDGE

The parties certify that they considered consenting to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and using the Short Trial Program (General Order 2013-01). Presently, no party intends to proceed in this manner.

//
//
//
//
//
//
//
//
//

## V. **ELECTRONIC EVIDENCE AT TRIAL**

The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties anticipate presenting such evidence. The parties will work cooperatively to reach stipulations regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system.

**IT IS SO STIPULATED.**

DATED: March 8, 2024.

McDONALD CARANO LLP

*/s/ Daniel I. Aquino*
Leigh T. Goddard
Daniel I. Aquino
100 W. Liberty St., Tenth Floor
Reno, Nevada 89501
(775) 788-2000
lgoddard@mcdonaldcarano.com
daquino@mcdonaldcarano.com

*Attorneys for KPG Investments Inc. and Kendalle Getty*

DATED: March 8, 2024.

THE GUNDERSON LAW FIRM

*/s/ Mark H. Gunderson*
Mark H. Gunderson
3895 Warren Way
Reno, NV 89509
(775) 829-1222
mgunderson@gundersonlaw.com

*Attorney for Minerva Office Management, Inc. and Robert L. Leberman*

DATED: March 8, 2024.

SIEGEL, YEE, BRUNNER & MEHTA

*/s/ Sonya Mehta*
Sonya Mehta, Esq.
475 14th Street, Suite 500
Oakland, CA 94612
sonyamehta@siegelyee.com

Ryan A. Hamilton, Esq.
5125 S. Durango Drive
Las Vegas, NV 89113
Ryan@HamLegal.com

*Attorneys for Marlena Sonn*

DATED: March 8, 2024.

PAUL HASTINGS, LLP

*/s/ Ryan D. Derry*
Ryan D. Derry
101 California Street, 48th Floor
San Franscisco, CA 94111
ryandarry@paulhastings.com

Alice Campos Mercado
LEMONS, GRUNDY & EISENBERG
6005 Plumas St., 3rd Floor
Reno, NV 89519
acm@lge.net

*Attorney for Alexandra Sarah Getty and ASG Investments Inc*

7

## **CERTIFICATE OF SERVICE**

I certify that I am an employee of McDonald Carano LLP, and that on the 8th day of March, 2024, a true and correct copy of the foregoing **UPDATED JOINT DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Jelena Jovanovic*
*Employee of McDonald Carano LLP*