UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KPG INVESTMENTS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARLENA SONN, *et al.*,<br><br>Defendants. | Case No. 3:22-CV-00236-ART-CLB<br><br>**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL**<br><br>[ECF Nos. 141, 142] |

Before the Court is Siegel, Yee, Brunner & Mehta ("SYBM") and Hamilton Law's ("HL") motion to withdraw as counsel for Defendant Marlena Sonn ("Sonn"). (ECF Nos. 141, 142.) The Motion states that irreconcilable differences have arisen rendering effective representation impossible. (*Id.*) Sonn filed a declaration opposing the motion to withdraw and effectively disputing that irreconcilable differences have arisen. (ECF No. 143.) SYBM and HL filed a reply, however, this document did not contest or otherwise dispute Sonn's representations in her declaration. (ECF No. 144.) Finally, KPG Investments Inc., Kendalle Getty, Alexandra Sarah Getty, ASG Investments, Inc., Minerva Office Management, Inc., and Robert L. Leberman, (collectively referred to as the "Getty Parties") filed a limited response to the motion to withdraw. (ECF No. 146.)

"[A]n attorney cannot withdraw from a case without consent of the court." *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941). "Courts maintain the discretion to grant or deny a motion to withdraw as counsel." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021); *see also* LR IA 11-6(b) ("If an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel. The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.").

When an attorney seeks leave from the court to withdraw from a case "in the

absence of the client's consent," the attorney must show that "justifiable cause" exists to do so. *Id.*; *see also McGhee v. Chavez*, 2023 WL 2708765, at *1 (D. Ariz. Mar. 30, 2023). The Court considers four factors when ruling on a motion to withdraw: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech.*, LLC, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

The Court's analysis will focus on the first factor—the reasons why withdrawal is sought. *Leatt Corp.*, 2010 WL 444708, at *1. It appears to the Court that the main reason counsel feels that irreconcilable differences have arisen between them and their client, in part due to a disagreement related to settlement. (*See* ECF No. 141.) Considering Sonn's opposition to the withdrawal and her indication that she does not believe irreconcilable differences exist between herself and her counsel, the Court finds that there is not a compelling reason to allow counsel to withdraw against the client's wishes at this time.

As counsel has failed to show justifiable cause to withdraw without Sonn's consent, the Court declines to grant counsel's request because doing so could result in injustice to Sonn and further unnecessary delays in this litigation.

Accordingly, the motions to withdraw, (ECF Nos. 141, 142), are **DENIED** without prejudice to refile at a later time if issues between counsel and Sonn persist.

**DATED**: March 27, 2024   .

_____
 **UNITED STATES MAGISTRATE JUDGE**