GUNDERSON LAW FIRM
Mark H. Gunderson, Esq.
Nevada State Bar No. 2134
mgunderson@gundersonlaw.com
Austin K. Sweet, Esq.
Nevada State Bar No. 11725
asweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
Facsimile: 775.829.1226
*Attorneys for Minerva Office Management, Inc. and Robert L. Leberman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual,<br><br>Plaintiffs,<br>v.<br><br>MARLENA SONN, an individual; AND DOES 1-20,<br><br>Defendant.<br>_____/ | Case No.:<br>3:22-cv-00236-ART-CLB |
| MARLENA SONN,<br><br>Plaintiff,<br>v.<br><br>KENDALLE P. GETTY, as Trustee of the Pleiades Trust and as an individual, KPG INVESTMENTS, INC., as Trustee of the Pleiades Trust, ALEXANDRA SARAH GETTY, as Trustee of the Pleiades Trust and as an individual, ASG INVESTMENTS, INC., as Trustee of the Pleiades Trust, MINERVA OFFICE MANAGEMENT, INC., and ROBERT L. LEBERMAN,<br><br>Defendants.<br>_____/ | Consolidated with:<br>3:22-cv-00323-ART-CLB<br><br>**REPLY IN SUPPORT OF MINERVA AND LEBERMAN'S RENEWED MOTION TO DISMISS** |

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-1-

Defendants MINERVA OFFICE MANAGEMENT, INC. ("Minerva"), and ROBERT L. LEBERMAN ("Leberman"), by and through their counsel of record, Mark H. Gunderson, Esq. and Austin K. Sweet, Esq., submit this reply in support of their *Renewed Motion to Dismiss* [Doc. 158] ("Motion"). This Reply is made and based upon FRCP 12, the following memorandum of points and authorities, the pleadings on file in this case, and any oral argument this court wishes to entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

As set forth in the Motion, Sonn's *Complaint* fails to state a claim upon which relief can be granted against Minerva and Leberman.

Sonn's Count 1 (Unlawful Retaliation in Violation of Cal. Lab. Code § 1102.5) fails because California law does not apply and Sonn was never employed by either Minerva or Leberman. Sonn argues at great length, but to no avail, that she is entitled to the protections of a California employee, despite the fact that she worked for Nevada employers, entered into a Nevada employment agreement, and performed the majority of her work from New York. Regardless, a § 1102.5 claim can only be filed against an employer, and neither Minerva nor Leberman ever employed Sonn. Sonn has failed to state a claim under California Labor Code § 1102.5 upon which relief can be granted against Minerva or Leberman.

Sonn's Count 6 (Unjust Enrichment) fails because Sonn did not confer any benefit at all upon Minerva or Leberman. Sonn contends that her services benefited the Getty family in general, and that Minerva and Leberman indirectly reaped the benefits of her services because Minerva and Leberman are employed by the Getty family. This argument is nonsensical. Sonn was an employee performing a job, for which she was paid every penny she earned. Sonn's mistaken belief that she did more than her fair share of the work for the Getty family does not entitle her to a portion of her coworker's salaries. Sonn has failed to state a claim for unjust enrichment upon which relief can be granted against Minerva or Leberman.

Sonn's Count 7 (Tortious Interference, Willful Misfeasance and Bad Faith) fails because Sonn never had a valid contract to receive a *post hoc* bonus from ASG Investments or KPG Investments. In her Opposition, Sonn attempts to avoid dismissal by simply ignoring the plain language of her

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

1  *Complaint* and asserting new, different factual allegations in their place. Sonn has failed to state a claim for tortious interference upon which relief can be granted against Minerva or Leberman

3  There is simply no legal or factual basis for Sonn's claims against Minerva and Leberman. The Motion should be granted and Sonn's claims against Minerva and Leberman should be dismissed from this action.

## II.  ARGUMENT

### A.  *Count 1 – Unlawful Retaliation in Violation of Cal. Lab. Code § 1102.5*

In Count 1, Sonn alleges that Minerva and Leberman engaged in unlawful retaliation in violation of California law. *Complaint* ¶¶ 137 – 145. As set forth in the Motion, Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman in this regard because California law does not apply and, even if it did, neither Minerva nor Leberman ever employed Sonn.

#### i.  *California Law Does Not Apply to This Dispute.*

In her Opposition, Sonn concedes that there is a presumption against the extraterritorial application of California Labor Code § 1102.5(b) to her employment. Opposition pp. 7-8. California must have a "significant contact or significant aggregation of contacts" to any claim asserted under California law to ensure that the choice of California law "is not arbitrary." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 821–22 (1985). Sonn contends that she has overcome the presumption against extraterritorial application because she "worked in California, substantial trust activity occurred there including the wrongful conduct, and Sarah and Kendalle fired her from there." Opposition p. 8. These allegations are far from sufficient to apply California labor law to Sonn's employment.

Sonn alleges that, "[a]t all times relevant to the allegations herein," she "worked primarily from her residence and/or office in New York, and occasionally traveled to California, Nevada, and elsewhere (*e.g.*, Hawaii, Oregon, Washington, Texas) at the Defendants' request." *Complaint* ¶ 3. Sonn does not allege that the improper conduct occurred while she was in California, nor does she allege that the improper conduct had anything to do with her occasional travel to California. The allegation that she *occasionally* traveled to California, Hawaii, Oregon, Washington, and Texas does not entitle Sonn to choose which of those states offers her the most favorable labor laws and apply such laws to her employment in general.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-3-

Further, the presumption against extraterritorial application of California employment law cannot be overcome based upon the *Defendants'* alleged contacts with California, it must be overcome based upon the *Plaintiff's* alleged contacts with California. Sonn does not allege that she had significant contacts with California: she did not live in California, she did not conduct a major portion of her business in California, she was not a California domiciliary, she did not pay California taxes, her claims do not arise out of work she performed in California, and she was not fired while she was in California. On the contrary, Sonn lived in New York, conducted a major portion of her business in New York, was a New York domiciliary, paid New York Taxes, and was fired while she was in New York. Sonn's claims simply have no connection to California.

Sonn next argues that the California Legislature intended the California Labor Code to apply to all "employees of a California company," regardless of the employee's residence. Opposition pp. 9-12. This argument is entirely irrelevant because Sonn was not an employee of a California company: KPG Investments and ASG Investments are both Nevada companies. *Complaint* ¶¶ 5 & 7.

There is simply no legal or factual basis in Sonn's *Complaint* to conclude that California law applies to Sonn's employment or this dispute.

    *ii. Neither Minerva nor Leberman Employed Sonn*

Even if California law somehow does apply, whistleblower retaliation claims under California Labor Code § 1102.5 may only be brought against an employer. Minor v. Fedex Off. & Print Servs., Inc., 182 F. Supp. 3d 966, 989 (N.D. Cal. 2016). Again, Sonn's employers were ASG Investments [*Complaint* ¶ 39] and KPG Investments [*Complaint* ¶ 42]: neither Minerva nor Leberman ever employed Sonn.

In her Opposition, Sonn asserts that, since California Labor Code § 1102.5 may be triggered by "any person acting on behalf of the employer," "it stands to reason that a plaintiff employee may bring suit under § 1102.5" against such a person. Opposition pp. 12-13. This argument directly contradicts the holding in Minor. Similarly, California Civil Jury Instruction 4603, the model instruction that describes the elements of a whistleblower retaliation claim under § 1102.5, identifies the first essential factual element of such a claim as "That [name of defendant] was [name of

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-4-

plaintiff]'s employer." Judicial Council of California Civil Jury Instruction 4603 (2021 ed.) (see also Killgore v. SpecPro Pro. Servs., LLC, 51 F.4th 973, 984 (9th Cir. 2022) (citing California Civil Jury Instruction 4603 as persuasive authority on interpreting § 1102.5)). While an employer may act through its agents, whistleblower retaliation claims may only be brought against the employer.

The California Supreme Court has also held that § 1102.6 "supplies the applicable framework for litigating and adjudicating section 1102.5 whistleblower claims" and provides a "complete set of instructions for the presentation and evaluation of evidence in section 1102.5 cases." Lawson v. PPG Architectural Finishes, Inc., 12 Cal. 5th 703, 712, 503 P.3d 659, 663 (2022). Tellingly, California Labor Code § 1102.6 specifically contemplates that the only two parties to a whistleblower claim are the employee and the employer. California Labor Code § 1102.6.

Finally, Sonn appears to argue that her § 1102.5 claim can survive dismissal because Leberman and Minerva were actually Sonn's employers. Opposition pp. 13-14. This argument flies directly in the face of the plain allegations set forth in Sonn's Complaint. See Complaint ¶¶ 39 & 42. The Court must accept the factual allegations in the Complaint as true [Williams ex. Rel. Tabiu v. Gerber Products Co., 523 F.3d 934, 937 (9th Cir. 1993)], and the Complaint alleges that Sonn was employed by KPG Investments and ASG Investments.[1] Neither Minerva nor Leberman ever employed Sonn.

Sonn's Count 1 against Minerva and Leberman has no foundation in fact or law. Even accepting all factual allegations in Sonn's Complaint as true, Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman. Count 1 should be dismissed.

**B.  Count 6 – Unjust Enrichment**

As set forth in the Motion, Sonn's Count 6 against Minerva and Leberman has no foundation in fact or law because Sonn's Complaint does not allege a single fact to support the claim that Sonn conferred a benefit on Minerva or Leberman. In her Opposition, Sonn acknowledges that she did not

---

[1] Sonn's Opposition repeatedly misrepresents her own allegations. Contrary to the statements on pages 13 and 14 of the Opposition, Sonn's Complaint does not allege that Leberman or Minerva directed ASG to terminate Sonn, nor does the Complaint allege that Leberman or Minerva intimidated Kendalle Getty to terminate Sonn with the threat of conservatorship. The Complaint also does not allege that Leberman directed Sonn's performance, advised Sonn how to do her job, or directed how payments would be made from ASG to Sonn. Sonn's citations to the Complaint simply do not support the claims made in the Opposition.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-5-

confer a benefit on Minerva or Leberman. Rather, Sonn argues that she conferred a benefit upon the Pleiades Trust, which is Minerva's and Leberman's client / employer, and that it could be reasonably inferred that Minerva and Leberman received increased fees and other payments as a result. Opposition pp. 14-15. These arguments are nonsensical.

Again, to prevail on a claim for unjust enrichment, Sonn must prove that: (1) Sonn conferred a benefit on Minerva and/or Leberman; (2) Minerva and/or Leberman appreciated such benefit; and (3) there is acceptance and retention by Minerva and/or Leberman of such benefit under circumstances such that it would be inequitable for them to retain the benefit without payment of the value thereof. Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ., 137 Nev. 378, 381, 492 P.3d 540, 543 (2021). Sonn does not allege that she ever conferred a benefit on Minerva or Leberman, that Minerva and/or Leberman appreciated such benefit, or that it would be inequitable for Minerva and/or Leberman to retain such benefit without paying Sonn. Indeed, Sonn's theory would turn employment law on its head: Sonn essentially seeks to sue her *co-workers* under the theory that she did more than her fair share of the work, thus her *co-workers* should pay her a portion of *their* salaries. This is an absurd expansion of the unjust enrichment theory and cannot be resolved through an amendment.

Sonn's Count 6 against Minerva and Leberman has no foundation in fact or law. Even accepting all factual allegations in Sonn's *Complaint* as true, Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman. Count 6 should be dismissed.

### C.   Count 7 – *Tortious interference, Willful Misfeasance and Bad Faith*

In Count 7, Sonn alleges that "the termination of Ms. Sonn's employment with ASG and KPG Investments and the subsequent withholding of amounts due to her as earned compensation were the direct and/or proximate result of [Minerva and Leberman]'s willful misfeasance and retaliatory bad faith actions directed at Ms. Sonn for expressing objection to and resisting against the unlawful tax avoidance scheme that he devised and/or implemented." Complaint ¶ 168. Sonn acknowledges in her Opposition that Count 7 stems from ASG Investments and KPG Investments not paying her demanded post hoc bonus of $2,500,000.00 each. Opposition pp. 16-17. Sonn's claim cannot survive this motion to dismiss.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-6-

Sonn does not dispute the basic contract principle that a contract premised upon past consideration is not enforceable. Rather, Sonn argues that her contract with KPG Investments was valid because it was consideration for ongoing services, not past services. Opposition p. 16. This argument directly contradicts the allegations in Sonn's *Complaint*. See *Complaint* ¶ 116 ("the payment should be made as soon as practicable, as 'earned' compensation for her outstanding past performance and the corresponding growth of the Pleiades portfolio under her direction"); *Complaint* ¶ 117 ("because the $2.5 million bonus was in recognition of her past performance, the agreement ... was not conditions upon Ms. Sonn's continued employment with KPG Investments"). Sonn cannot salvage her meritless claims by simply changing the facts. Sonn does not have a valid and enforceable contract to receive a *post hoc* bonus from KPG Investments, and neither Minerva nor Leberman can be held liable for "tortious interference" with an unenforceable contract as a matter of law.

Acknowledging that she had no enforceable contract with ASG Investments, Sonn argues that Minerva and Leberman tortiously interfered with her prospective economic advantage. To survive dismissal on a claim for tortious interference with prospective economic advantage, Sonn's *Complaint* must plead factual allegations sufficient to establish the following elements: (1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct; Wichinsky v. Mosa, 109 Nev. 84, 88, 847 P.2d 727, 729–30 (1993). Sonn's *Complaint* offers no factual allegations to establish that Minerva or Leberman intended to harm Sonn by preventing the contractual relationship or the absence of privilege or justification by Minerva or Leberman.

Sonn also acknowledges that both Sarah Getty and Kendalle Getty consulted with counsel before taking any action against Sonn but argues that such consultation "does not conclusively evidence that it was counsel who interrupted the contract." Opposition p. 17. Sonn misunderstands the defect in her *Complaint*. Even if a valid existing or prospective contract existed (which it did not), and even if that existing or prospective contract was disrupted (which it was not), the disruption occurred after consultation with legal counsel, which constitutes a superseding cause defeating the

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-7-

allegation that Minerva or Leberman proximately caused the disruption. There is no allegation that Minerva or Leberman took any action or otherwise caused the "disruption" of Sonn's "contract" after ASG Investments and KPG Investments had the benefit of counsel's advice. ASG Investments' and KPG Investments' decisions, taken with the advice of counsel, sever the chain of proximate causation and negates any attribution of causation to Minerva or Leberman. Thus, even accepting the allegations of the *Complaint*, neither Minerva nor Leberman caused ASG Investments or KPG Investments to breach any existing or prospective contract with Sonn.

For these reasons, neither Minerva nor Leberman can be held liable for "tortious interference" with such unenforceable contracts as a matter of law. The Motion should be granted and Count 7 should be dismissed.

### III.  CONCLUSION

Sonn's claims against Minerva and Leberman have no basis in fact or law. Sonn's claims cannot survive dismissal and cannot be cured. Minerva and Leberman should be dismissed from this action.

The Motion should be granted.

DATED this 29 day of May, 2024.

GUNDERSON LAW FIRM

Mark H. Gunderson, Esq.
Nevada State Bar No. 2134
Austin K. Sweet, Esq.
Nevada State Bar No. 11725
*Attorneys for Minerva Office Management, Inc. and Robert L. Leberman*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-8-

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the 29th day of May, 2024 I electronically filed the **REPLY IN SUPPORT OF MINERVA AND LEBERMAN'S RENEWED MOTION TO DISMISS** and a copy will be electronically mailed by the United States District Court-District of Nevada through CM/ECF to the following:

Leigh T. Goddard, Esq.
MCDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
P.O. Box 2670
Reno, NV 89501
lgoddard@mcdonaldcarano.com
wcornelius@mcdonaldcarano.com
*Attorneys for KPG Investments, Inc.*
*and Kendalle Getty*

Daniel I. Aquino, Esq.
MCDONALD CARANO LLP
2300 W. Sahara Avenue. Suite 1200
Las Vegas, NV 89102
daquino@mcdonaldcarano.com
ksurowiec@mcdonaldcarano.com
mcarter@mcdonaldcarano.com
cgerard@mcdonaldcarano.com
*Attorneys for KPG Investments, Inc.*
*and Kendalle Getty*

Alice Campos Mercado, Esq.
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Suite 300
Reno, Nevada 89509
acm@lge.net
margien@lge.net
*Attorney for Alexandra Sarah Getty*
*and ASG Investments, Inc.*

Sonya Z. Mehta, Esq.
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, CA 94612
sonyamehta@siegelyee.com
*Attorney for Marlena Sonn*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-9-

Ryan A. Hamilton, Esq.
HAMILTON LAW
5125 South Durango Drive
Las Vegas, NV 89113
Ryan@HamLegal.com
*Attorney for Marlena Sonn*

Ryan D. Derry, Esq.
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
ryanderry@paulhastings.com
alicebrown@paulhastings.com
*Attorney for Alexandra Sarah Getty
and ASG Investments, Inc.*

Pursuant to FRCP 5(b), I further certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the 29th day of May, 2024, I deposited for mailing in Reno, Nevada a true and correct copy of the foregoing **REPLY IN SUPPORT OF MINERVA AND LEBERMAN'S RENEWED MOTION TO DISMISS** to the following:

Lisa E. Cleary, Esq.
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of Americas
New York, NY 10036
lecleary@pbwt.com
*Attorneys for KPG Investments, Inc.
and Kendalle Getty*

Matthew S. Aibel. Esq.
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
matthewaibel@paulhastings.com
*Attorney for Alexandra Sarah Getty
and ASG Investments, Inc*

_____
Emma Alty

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-10-